COURT OF APPEALS
EIGHTH DISTRICT OF TEXAS
EL PASO, TEXAS

|  |  |  |
|---|---|---|
| STATE OFFICE OF RISK MANAGEMENT, | § | No. 08-07-00091-CV |
|  | § | Appeal from |
| Appellant, | § | 210th District Court |
| v. | § | of El Paso County, Texas |
| GEORGINA ALONSO, | § | (TC # 2005-5919) |
| Appellee. | § |  |

**O P I N I O N**

This is a worker's compensation case on appeal from the Texas Department of Insurance-Division of Workers's Compensation. The State Office of Risk Management (SORM) appeals a no-evidence summary judgment in favor of Georgina Alonso. Alonso prevailed at the contested case hearing and the Appeals Panel affirmed the decision. SORM filed suit in district court on the sole issue of whether Alonso sustained a compensable repetitive trauma injury. The trial court granted Alonso's no-evidence motion for summary judgment and denied SORM's motion for continuance and alternative motion for leave to file an untimely response. Finding no abuse of discretion, we affirm.

**FACTUAL SUMMARY**

Alonso is an injured worker who prevailed on her work injury claim before the contested case hearing officer and the Appeals Panel. SORM filed its original petition in district court on August 22, 2005. Pursuant to the discovery control plan and scheduling order, the discovery deadline was November 21, 2006. Trial was set for March 23, 2007.

On or about October 26, 2006, the case was transferred within the Office of the Attorney General from Kerry O'Brien to Norberto Flores. Alonso filed her no-evidence motion for summary judgment on October 26 and the hearing was scheduled for November 29. SORM's response was due on November 22, the day before Thanksgiving. On November 1, Flores forwarded Alonso's medical records and other materials to Dr. Martin Steiner, a neurologist in Houston. On November 21, SORM designated Dr. Steiner as an expert witness and learned the same day that the doctor was out of town and would not return until November 27. Flores then inquired whether Alonso's counsel, Robert Riojas, would agree to a continuance. Riojas responded by faxing the following letter to Flores:

> Dear Mr. Flores:
>
> I understand you wish to continue the summary judgment hearing currently set on November 29. I have no problem rescheduling the hearing if you need additional time to prepare your response or because you have a scheduling conflict. However, I will not agree to any such continuance in order for discovery to be supplemented or filed. Let me know.

Upon receipt of the fax, Flores notified Dr. Steiner that his report could be completed after the Thanksgiving holidays. The doctor completed his report on November 27, and sent it to Flores on November 28. Learning that the hearing had still not been postponed, Flores contacted Riojas on November 27 and requested confirmation of an agreement for continuance. On November 28, Flores sent Riojas a Rule 11 agreement. That same day, Riojas faxed a second letter:

Dear Mr. Flores:

Regarding your request for a continuance of tomorrow's summary judgment hearing, as stated in my last letter, I can only agree to continue the summary judgment hearing if there was a scheduling problem but I cannot agree to reschedule the hearing simply to allow you more time to gather evidence to be used against my client. I would not be fulfilling my ethical obligations to my client to allow such supplementation.

On November 29--the date of the hearing--SORM filed a response to the summary judgment motion with Dr. Steiner's affidavit attached. It also filed a motion for continuance with an alternative motion for leave to file its response untimely. The trial court denied the motion for continuance and the motion for leave to file a late response; it granted Alonso's no-evidence motion for summary judgment. We have not been favored with a record from the November 29 hearing. SORM mentions in its brief that the reporter's record was either lost or destroyed, but it alleges no error in this regard.

## DENIAL OF MOTION FOR LEAVE

In Issue One, SORM complains of the trial court's denial of its motion for leave to file an untimely summary judgment response. We review the trial court's ruling under an abuse of discretion standard. *Carpenter v. Cimarron Hydrocarbons Corp*., 98 S.W.3d 682, 686-87 (Tex. 2002). The trial court abuses its discretion when it acts without reference to any guiding rules or principles. *Id*., at 687; *citing Downer v. Aquamarine Operators, Inc*., 701 S.W.2d 238, 241-42 (Tex. 1985).

In *Carpenter*, the Texas Supreme Court considered what constitutes "good cause" under Rule 5 of the Texas Rules of Civil Procedure:

> When by these rules or by a notice given thereunder or by order of court an act is required or allowed to be done at or within a specified time, the court for cause shown may, at any time in its discretion (a) with or without motion or notice, order the period enlarged if application therefor is made before the expiration of the period originally prescribed or as extended by a previous order; *or (b) upon motion permit*

*the act to be done after the expiration of the specified period where good cause is shown for the failure to act.* The court may not enlarge the period for taking any action under the rules relating to new trials except as stated in these rules. [Emphasis added].

There, Carpenter filed a motion for summary judgment and Cimarron failed to timely file a response. *Id*. at 684. On the morning of the hearing, Cimarron filed a motion for continuance and a motion for leave to file an untimely response. *Id*. at 685. At the hearing, Cimarron's counsel argued that Carpenter would not be prejudiced by a late filing, but "offered no explanation of the error from which the trial court might determine that an accident or mistake had occurred." *Id*. at 688. The trial court denied both motions and granted Carpenter's motion for summary judgment. *Id*. at 685. Cimarron appealed and the court of appeals reversed. *Id*. The Supreme Court of Texas then reversed the court of appeals' judgment, holding that under Rule 5: "[A] motion for leave to file a late summary-judgment response should be granted when the nonmovant [for summary judgment] establishes good cause by showing that the failure to timely respond (1) was not intentional or the result of conscious indifference, but the result of accident or mistake, and (2) that allowing the late response will occasion no undue delay or otherwise injure the party seeking summary judgment." *Id*. at 688. The court concluded that the trial court properly denied Cimarron's motion for leave because Cimarron offered no explanation for its failure to timely file a response. *Id*.

The Texas Supreme Court also applied the standards of Rule 5 in *In re M.N.*, 262 S.W.3d 799, 804 (Tex. 2008). In this parental termination proceeding, the appellant alleged that counsel mis-calendered the time for post-trial filings. *Id*. At the hearing on the motion to extend time, counsel explained that the late filing was necessary because she mistakenly calculated the last date for filing the statement of appellate points from the date she received the order rather than from the date the order was signed. *Id*. The appellee did not contest either the allegations in the motion or

appellant's explanation at the hearing. *Id*. The Supreme Court concluded that the appellant pled

facts supporting the late filing and that the appellee did not claim that the late filing was prejudicial.

*Id*. Therefore, the trial court had not abused its discretion in granting the motion. *Id*.

SORM argues that its reliance on the letters sent by Riojas constitute the requisite "good

cause." These allegations have been hotly contested. We conclude that the record does not support

SORM's position, nor has SORM demonstrated that its justification for a late response was the result

of an "accident or mistake." *See Carpenter*, 98 S.W.3d at 688. SORM alleged in its motion for

continuance that:

> Counsel for [SORM] sent Dr. Steiner medical records and other documents to review on November 1, 2006 and expected to receive an affidavit from him before [SORM's] response to the motion for summary judgment is due. However, [SORM's] counsel has just learned that Dr. Steiner has gone out of town and will not return to the office until November 27, 2006.

SORM has not challenged the denial of the motion for continuance on appeal.

Turning then to SORM's alternative motion for leave to file an untimely response, SORM

claimed that Riojas reneged on an agreement to continue the hearing and that in reliance upon the

November 21 letter, "Flores did not file his response on of [sic] before November 22, 2006." This

argument is somewhat disingenuous. Flores did not file his response before November 22 because

he learned that Dr. Steiner left town without completing his affidavit. The following time line is

helpful in our analysis:

- 08/22/05      SORM files this suit in district court.

- 10/26/06      Flores is designated lead counsel for SORM.[1]

- 10/26/06      Alonso files her motion for no-evidence summary judgment.

- 11/01/06      Flores forwards Alonso's medical records to Dr. Steiner.

---

[1] The certificate of service on the designation is dated 10/26/06, but it is file stamped 10/30/06.

- 11/21/06    Discovery deadline pursuant to the docket control order. SORM designates Dr. Steiner as an expert witness.

- 11/21/06    Flores contacts Riojas about a continuance because he has learned that Dr. Steiner is out of town and will not return until 11/27/06. Riojas responds by facsimile.

- 11/22/06    Deadline for filing a response to the motion for summary judgment.

- 11/27/06    Dr. Steiner completes his affidavit. Flores requests confirmation of agreement with Riojas.

- 11/28/06    Dr. Steiner forwards his affidavit to Flores. Flores sends a Rule 11 agreement to Riojas. Riojas responds by facsimile.

- 11/29/06    SORM files its motion for continuance and alternative motion for leave to file an untimely response to the motion for summary judgment.

SORM did not forward any of Alonso's medical records to Dr. Steiner until after the motion for summary judgment was filed, yet by that time, the case had been pending in the trial court for fourteen months. Dr. Steiner was not designated as a witness until November 21, the day before the summary judgment response was due to be filed. When asked during oral argument about the time lapse between October 26 and November 21, Flores replied that SORM was in negotiations to hire Dr. Steiner.[2] That would explain the period between October 26 and November 1, when the medical records were forwarded to him.[3] The record is silent as to any communication between Flores and Steiner from November 1 through November 21. For these twenty days, Flores knew that a motion for summary judgment was pending and that SORM's response was due on November 22. While other jurists might have found good cause to exist, we are hard pressed to conclude that the court below abused its discretion. We overrule Issue One. Because SORM has failed to hurdle the first

[2] Counsel also noted that the Veterans' Day holiday occurred in this time frame as well. Veterans' Day is normally a state holiday, but November 11, 2006 fell on a Saturday.

[3] SORM argues in its brief that it sent the medical records to Dr. Steiner two business days after it received the motion for summary judgment.

prong of *Carpenter*, we need not address the second prong of undue delay or prejudice.

## PROPRIETY OF SUMMARY JUDGMENT

In Issue Two, SORM contends that it raised a genuine issue of material fact precluding summary judgment. Because the trial court denied SORM's motion for leave to file its response untimely, we presume the court did not consider either the late-filed response or Dr. Steiner's affidavit in rendering summary judgment. *See Goswami v. Metropolitan Sav. & Loan Ass'n*, 751 S.W.2d 487, 490 (Tex. 1988); *INA of Texas v. Bryant*, 686 S.W.2d 614 (Tex. 1985).

A no-evidence summary judgment is essentially a pretrial directed verdict and we apply the same legal sufficiency standard of review. *King Ranch, Inc. v. Chapman*, 118 S.W.3d 742, 750 (Tex. 2003); *Sanchez v. State Office of Risk Management*, 234 S.W.3d 96, 99 (Tex.App.--El Paso 2007, no pet.). The movant must specifically state the elements as to which there is no evidence. *Aguilar v. Morales*, 162 S.W.3d 825, 834 (Tex.App.--El Paso 2005, pet. denied); *see* TEX.R.CIV.P. 166a(i). The burden then shifts to the non-movant to produce summary judgment evidence raising a genuine issue of material fact regarding each element challenged in the motion. *Aguilar*, 162 S.W.3d at 834. We view the evidence in the light most favorable to the non-movant and disregard all contrary evidence and inferences. *King Ranch, Inc.*, 118 S.W.3d at 751. A genuine issue of material fact is raised if the non-movant produces more than a scintilla of evidence regarding the challenged element. *Id.* at 751. Less than a scintilla of evidence exists if the evidence is so weak as to create no more than a mere surmise or suspicion. But when the evidence rises to a level that enables reasonable minds to differ in their conclusions, then more than a scintilla of evidence exists. *Id.*

Alonso alleged in her motion for summary judgment that because the Division of Workers' Compensation determined she had sustained a compensable repetitive work injury, SORM was

required to produce some evidence that the administrative determination was incorrect. Given our holding that SORM failed to demonstrate good cause for the untimely filing of its response, there was no evidence presented to the trial court from which it could determine the existence of a genuine issue of material fact.

Nevertheless, SORM directs us to *Wheeler v. Green*, 157 S.W.3d 439 (Tex. 2005) in support of its argument that a trial court may consider evidence presented via motion for new trial. In *Wheeler*, the trial court granted summary judgment removing Wheeler as a joint managing conservator of her daughter based upon 64 deemed requests for admissions. Appearing *pro se*, Wheeler forwarded her responses to Green's attorney two days late, but six months before the summary judgment hearing. She did not file a response to the motion for summary judgment, but she did appear at the hearing. After the unfavorable ruling, Wheeler hired counsel who filed a motion for new trial, attached her responses to the request for admissions, and asked that the summary judgment be set aside. The trial court denied the motion and the intermediate appellate court affirmed. The Supreme Court reversed for three reasons. First, Wheeler was not required to file a response to the summary judgment motion and the trial court could not grant the motion simply because she failed to do so. Second, although Wheeler did not file a motion to withdraw the deemed admissions or seek leave to file an untimely response to the motion for summary judgment, the arguments in her motion for new trial were sufficient to put the trial court on notice of her complaint. Third, Wheeler did not waive these arguments by presenting them for the first time in her motion for new trial since the record did not establish that she knew that her responses were late, that she needed to withdraw the deemed admissions, or that she needed to file a response to the motion for summary judgment.

We conclude that *Wheeler* is inapplicable. First, the Supreme Court commented by footnote

that if these same "elementary mistakes" had been made by a lawyer, the trial court could have concluded that failure to follow the rules was the result of intent or conscious indifference. Second, Green's motion for summary judgment was based upon deemed admissions and did not require a response. No-evidence motions for summary judgment must be granted if no response is filed. *See* TEX.R.CIV.P. 166a(i). Third, SORM never asked the trial court during the hearing on the motion for new trial to review Dr. Steiner's affidavit, nor did it request relief pursuant to Rule 166a(g).[4] Finally, although SORM's failure to file the summary judgment response ended its lawsuit, we disagree that it has suffered merits-preclusive sanctions without a showing of bad faith or callous disregard for the rules. The summary judgment here was not a discovery sanction. The trial court granted a no-evidence summary judgment because SORM failed to timely respond. We overrule Issue Two and affirm the judgment of the trial court.

March 5, 2009

ANN CRAWFORD McCLURE, Justice

Before Chew, C.J., McClure, J., and Barajas, C.J. (Ret.)
Barajas, C.J. (Ret.), sitting by assignment

---

[4] During oral argument, Flores argued that the trial court should have denied summary judgment relief or granted a continuance to allow Dr. Steiner's affidavit to be filed pursuant to Rule 166a(g). That rule provides:

> **(g) When Affidavits Are Unavailable.** Should it appear from the affidavits of a party opposing the motion that he cannot for reasons stated present by affidavit facts essential to justify his opposition, the court may refuse the application for judgment or may order a continuance to permit affidavits to be obtained or depositions to be taken or discovery to be had or may make such other order as is just.