

## NUMBER 13-08-00502-CV

## COURT OF APPEALS

## THIRTEENTH DISTRICT OF TEXAS

## CORPUS CHRISTI - EDINBURG

---

**AMERICAN STEEL AND SUPPLY, INC.,**                                    **Appellant,**

**v.**

**COMMERCIAL METALS, INC. D/B/A**
**CMC STEEL FABRICATORS, INC. D/B/A**
**SAFETY STEEL SERVICES, INC.,**                                    **Appellee.**

---

**On appeal from the County Court at Law No. 2**
**of Nueces County, Texas.**

---

# MEMORANDUM OPINION

**Before Justices Yañez, Rodriguez, and Benavides**
**Memorandum Opinion by Justice Benavides**

Appellant, American Steel and Supply, Inc. ("American Steel"), appeals from a no-evidence summary judgment granted in favor of appellee, Commercial Metals, Inc. d/b/a CMC Steel Fabricators, Inc., d/b/a Safety Steel Services, Inc. ("Commercial Metals"). By three issues, American Steel argues that the trial court erred by (1) denying its motion for leave to amend an affidavit it submitted in response to Commercial Steel's motion for summary judgment, (2) granting Commercial Steel's no-evidence motion for summary

judgment, and (3) denying American Steel's motion for a new trial. We affirm.

## I. BACKGROUND

On January 27, 2000, American Steel filed suit against Commercial Metals in the County Court at Law No. 4 of Nueces County. American Steel alleged claims for fraud, theft of trade secrets, and unfair competition. Its original petition did not provide any factual background for the claims.[1] Commercial Metals filed an answer on March 27, 2000.[2]

In January 6, 2005, Commercial Metals filed a no-evidence motion for summary judgment. *See* TEX. R. CIV. P. 166a(i). Commercial Metals's motion alleged that there was no evidence to support the causation or damages elements of American Steel's claims.

The summary judgment hearing was originally set for hearing on January 27, 2005, in the County Court at Law No. 1. American Steel filed a response to the no-evidence motion on January 20, 2005. The only evidence attached to the response was an affidavit from Neal Ward, the owner of American Steel, and a document allegedly received from Commercial Metals that represents Commercial Metals's sales of structural steel in Corpus Christi. Excluding the formal language included in affidavits, the affidavit stated in its entirety:

### Causation of Damages

After the events at issue, I lost business to Defendant. I lost specific customers. I have received the attached list of sales made by Defendant. Many of these sales are to my clients.

These clients originally bought structural steel from me and after the events at issue based on Defendant's own records started buying from the Defendant. Defendant knew my pricing and my customer contacts and other confidential information based on the wrongful conduct at issue. After Defendant stopped selling structural steal [sic] in this market place and fired

---

[1] At that time, American Steel was represented by David Sibley.

[2] Commercial Metals also asked for a transfer to County Court at Law No. 1 in accordance with Local Rule 3 of the Nueces County Local Rules of Administration because the case was related to an earlier case that had been non-suited. *See* Nueces County Loc. R. of Admin. R. 3. The docket sheet shows that the case was transferred to County Court at Law No. 1 on November 1, 2000, although no order appears in the record.

my former key employee that it wrongfully took, I recovered most of these clients.  Business returned to normal.

### Existence of Damages

I earn on average 30% on gross sales after cost of goods sold. American Steel's other expenses remain reasonably constant within the relevant range.  Thus, my lost profit is estimated with reasonable certain [sic] at 30% of the gross sales by Defendant to my customers.  I receive at least 2/3s of the business of my regular customers.  Thus, my lost profit is reasonably estimated at 20% of gross sales (2/3s of 1/3).  This is a reasonable estimate with reasonable certainty based on my personal knowledge of my busines [sic] and the consequences of the events at issue. The damages based on my calculations amount to the hundreds of thousands of dollars.

On May 6, 2005, the trial court sent a letter to the parties stating that it was denying the motion for summary judgment and asking the parties to submit an order.  No formal order denying the motion for summary judgment appears in the record.

Almost a year later, on March 23, 2006, Commercial Metals moved for reconsideration of the trial court's denial of its motion for summary judgment.  The motion states that prior to the trial court's May 6, 2005 letter, the trial court indicated its intent to allow oral argument on the motion but denied the motion before argument could be scheduled.  The motion also noted that Commercial Metals had filed objections to American Steel's response to its motion for summary judgment, but those objections do not appear in the record.  Both parties agree that in April 2006, a hearing was held on Commercial Metals's motion for reconsideration, although there is no reporter's record from this hearing.

On May 4, 2006, American Steel filed a supplemental response to Commercial Metals's motion for no-evidence summary judgment. American Steel, however, did not file any additional evidence in support of its response, nor did it provide any factual

3

background for the case, but relied on Ward's original affidavit.[3]

On May 31, 2007, American Steel filed an amended petition, reasserting its claims for fraud, unfair competition, and theft of trade secrets, and adding claims for conversion and interference with contractual relations.[4] According to American Steel's first amended petition, in late 1998 and early 1999, Commercial Metals expressed an interest in purchasing American Steel, and in that process, Commercial Metals asked for confidential information from American Steel in order to perform "due diligence." American Steel asserts that Commercial Metals promised to keep this information confidential and represented that Commercial Metals was not interested in American Steel's employees, but later Commercial Metals hired away an American Steel employee and wrongfully competed to take American Steel's customers.[5]

On March 31, 2008, Commercial Metals filed a second motion for no-evidence summary judgment. This motion referred to the prior motion for no-evidence summary judgment challenging evidence of causation and damages and alleged that it was still pending before the court, and it further challenged other elements of American Steel's claims.

A hearing on Commercial Metals's motion to reconsider the original motion for summary judgment was set for April 1, 2008, and on that day, American Steel filed an objection to Commercial Metals's request for reconsideration of the first motion for no-evidence summary judgment, noting that the motion had been properly denied and that

---

[3] On May 29, 2007, the case was administratively transferred to Nueces County Court at Law Number 2.

[4] At this time, Gary Ramirez appeared on behalf of American Steel.

[5] The docket sheet shows that on June 19, 2007, David Bonilla was substituted as counsel for American Steel.

4

trial was scheduled for May 19, 2008. The docket sheet notes that a hearing was held on the motion for reconsideration on April 1, but there is no reporter's record from that hearing.

On April 11, 2008, after the hearing on Commercial Metals's motion for reconsideration, American Steel moved for leave to amend Ward's affidavit, which it had submitted in response to Commercial Metals's first motion for summary judgment back in 2005, "to give specific evidence of the allegations of fraud, conversion, theft of trade secrets, unfair competition, statutory theft of trade secrets, interference with business relations, interference with contractual relations, and unjust enrichment." The motion for leave to amend stated that the trial court had set a hearing on Commercial Metals's second motion for no-evidence summary judgment for April 29, 2008. The motion for leave to amend alleges that David Bonilla had taken over the case for American Steel and that when he had received the case, there was nothing in the record to indicate that the original no-evidence motion for summary judgment filed in 2005 was still pending. It further stated that Commercial Metals could not claim to be surprised by the amendment to the affidavit "because they are aware of the deficiencies of the affidavit."

The motion for leave attached a revised affidavit from Ward. It included details about the matters leading up to the law suit and about Commercial Metals's actions giving rise to the claims. With respect to causation and damages, the affidavit provided more information, stating:

11.   As a result of defendant using the confidential business information they [sic] had been provided, defendant started selling structural steel to our clients. Defendant was selling the steel at a much lower price than we had been selling it.

12.   Defendant's [sic] had previously been more involved in selling rebar. The addition of selling structural steel came about after they obtained

5

our business records and hiring Doug Wright [an American Steel employee].

13. As a result of defendant using the confidential business information they [sic] had been provided, they [sic] were able to take our great customer base immediately.

14. Defendant caused damages to American Steel in that it took one of our key employees, Doug Wright, who had intimate knowledge of our business operations and was a great asset to Defendant.

15. Doug Wright had knowledge of our inventory, equipment, sales force needs, bidding practices, some payroll information, and pricing markups with our customers.

16. Defendant was thus able to undercut our prices and wrongfully compete with us, drastically impacting and injuring our business.

17. Defendant offered future jobs to our employees. This caused an unstable atmosphere and resulted in employees leaving our company, causing loss of profits as new employees had to be trained.

18. I earn on average 30% on gross sales after cost of goods sold. American Steel and Supply, Inc.'s other expenses remain reasonably constant within the relevant range. This, [sic] my lost profit is estimated with reasonable certainty at 30% of gross sales by Defendant to my customers. I receive at least two-thirds of the business of my regular customers. Thus, my lost profit is reasonably estimated at 20% of gross sales.

Commercial Metals filed a response to the motion for leave to amend on April 21, 2008. It argued that despite having notice that Commercial Metals believed Ward's first affidavit did not meet the summary judgment standard, American Steel stood on that affidavit for several years. Commercial Metals asserted that at the April 1, 2008 hearing, American Steel did not seek leave to amend its summary judgment evidence but stood on its evidence. Commercial Metals asserted that because American Steel had chosen to stand on its evidence for three years and waited until after the hearing on Commercial Metals's motion to reconsider, American Steel could not show "good cause" to amend the affidavit and that it would be "fundamentally unfair" to allow amendment at that late date.

6

The trial court held a hearing on American Steel's motion for leave to amend Ward's affidavit on April 18, 2008. On April 23, 2008, the trial court denied American Steel's motion for leave to amend Ward's affidavit. The same day, the trial court "reconsidered" and granted Commercial Metals's motion for no-evidence summary judgment on causation and damages.[6]

American Steel moved the court to reconsider on May 19, 2008. Then on May 22, 2008, American Steel filed a motion for new trial. American Steel filed a notice of appeal on July 14, 2008, and nevertheless, the trial court held a hearing on American Steel's motion to reconsider and motion for new trial on July 25, 2008. The trial court denied both at the hearing. This appeal ensued.

## II. MOTION FOR LEAVE TO AMEND SUMMARY JUDGMENT EVIDENCE

In a summary judgment proceeding, the nonmoving party may file and serve opposing affidavits or other written responses no later than seven days prior to the

---

[6] The order granting summary judgment expressly states that it is granting the no-evidence motion filed by Commercial Metals in 2005. Although American Steel amended its petition to add additional claims after that motion was filed, the final summary judgment states that it is "final, disposes of all parties and claims, and is appealable." *See Lehman v. Har-Con Corp.*, 39 S.W.3d 191, 206 (Tex. 2001) (holding that summary judgment order is final and appealable if it (1) actually disposes of all claims and parties, or (2) clearly indicates the trial court's intent to render a final judgment). American Steel does not argue on appeal that the trial court erroneously disposed of the claims it added after the first motion for summary judgment was filed; therefore, that issue is not before us. *See id.* ("But if the language of the order is clear and unequivocal, it must be given effect despite any other indications that one or more parties did not intend for the judgment to be final. An express adjudication of all parties and claims in a case is not interlocutory merely because the record does not afford a legal basis for the adjudication. In those circumstances, the order must be appealed and reversed."); *San Jacinto River Auth. v. Duke*, 783 S.W.2d 209, 210 (Tex. 1990). Moreover, summary judgment can be granted on later-pleaded causes of action if the grounds asserted in the motion show that the plaintiff cannot recover on the later-pleaded causes of action. *Jones v. Ill. Employers Ins. of Wausau*, 136 S.W.3d 728, 744 (Tex. App.–Texarkana 2004, no pet.) (citing *Sharpe v. Roman Catholic Diocese of Dallas*, 97 S.W.3d 791, 797 (Tex. App.–Dallas 2003, pet. denied); *Pinnacle Data Servs., Inc. v. Gillen*, 104 S.W.3d 188, 197 (Tex. App.–Texarkana 2003, no pet.)); *see also Veritas Energy, LLC v. Brayton Operating Corp.*, No. 13-06-061-CV, 2008 WL 384169, at *7 (Tex. App.–Corpus Christi Feb. 14, 2008, pet. denied) (mem. op.). Because the arguments regarding damages and causation apply equally to the later-pleaded causes of action in this case, the trial court's finding is also dispositive of the later-pleaded causes of action.

7

scheduled date of the hearing. Tᴇx. R. Cɪᴠ. P. 166a(c). The nonmoving party must obtain leave to file evidence after the deadline. *Id.* By its first issue, American Steel contends that the trial court abused its discretion by denying its motion for leave to amend Ward's affidavit after the hearing on Commercial Metals's motion to reconsider the motion for no-evidence summary judgment. American Steel argues that a late filing should be allowed if the movant for leave establishes good cause by showing that the late filing is not intentional or the result of conscious indifference, but was the result of mistake or accident, and was not intended to cause delay or surprise. *Carpenter v. Cimarron Hydrocarbons Corp.*, 98 S.W.3d 682, 688 (Tex. 2002).

American Steel claims that it did not intentionally or as the result of conscious indifference wait until April 2008 to amend Ward's affidavit; rather, its attorney, David Bonilla, was not aware that Commercial Metals's motion for summary judgment was still pending until the notice of hearing was filed on February 27, 2008.[7] Furthermore, American Steel argues that there was nothing in the record to indicate that Commercial Metals's motion for reconsideration, filed in March 2006, was still pending. Finally, American Steel insists that it did not intend to delay the proceedings, but requested to amend the affidavit as soon as it became aware that there was to be a hearing on Commercial Metals's motion to reconsider. All this, American Steel contends, shows that the trial court abused its discretion in denying its motion for leave to amend Ward's affidavit. We disagree.

First, we disagree that there was nothing in the record to indicate that Commercial

---

[7] American Steel does not cite any portion of the record for this assertion, but as it is undisputed by Commercial Metals, we take it as true that American Steel received notice of the hearing on the motion for reconsideration on February 27, 2008. Tᴇx. R. Aᴘᴘ. P. 38.1(g).

8

Metals's motion for no-evidence summary judgment was still pending. There was never a formal order issued denying the motion, and prior to David Bonilla becoming American Steel's attorney, there was no ruling in the record on Commercial Metals's motion for reconsideration.

Second, American Steel had several opportunities to timely amend the affidavit, but it did not avail itself of those opportunities. American Steel admits that there was a hearing on Commercial Metals's motion for reconsideration in April 2006. American Steel took no action to amend Ward's affidavit at that time, even though after that hearing, it supplemented its written response to the motion for summary judgment.

Additionally, American Steel admits in its brief that it was "not aware that the Defendant's Motion for 'No-Evidence' Motion [sic] for Summary Judgment was still pending until the notice of hearing was filed *on February 27, 2008*." Appellant's Brief at 9 (emphasis added). American Steel, therefore, had over a month to seek to amend Ward's affidavit before the April 1, 2008 hearing on the motion for reconsideration, yet it appeared at the hearing, stood on its original affidavit, and did not request leave to amend until April 11, 2008, after the trial court held a hearing on the motion to reconsider.

American Steel does not explain why it could not have sought leave to amend at these times throughout the course of these proceedings, *see* TEX. R. CIV. P. 166a(c), or even during the month of time *before* the hearing when it concedes it had received notice that the motion was pending. Accordingly, the trial court was within its discretion to deny the motion by holding that American Steel did not prove good cause. *See Carpenter*, 98 S.W.3d at 688 (holding that the trial court did not abuse its discretion because plaintiff offered "no explanation of the error from which the trial court might determine that an

9

accident or mistake had occurred"); *see also State Office of Risk Mgmt. v. Alonso*, 290 S.W.3d 254, 258 (Tex. App.–El Paso 2009, no pet.) (holding that the trial court did not abuse its discretion in denying a motion for leave where counsel did not explain inaction during all times leading up to the summary judgment). Accordingly, we overrule American Steel's first issue.

### III. Summary Judgment

By its second issue, American Steel argues that the trial court erred by granting the no-evidence motion for summary judgment on causation and damages. We disagree.

A movant for no-evidence summary judgment must allege that there is no evidence of a material element of the adverse party's claims. TEX. R. CIV. P. 166a(i); *see Sw. Elec. Power Co. v. Grant*, 73 S.W.3d 211, 215 (Tex. 2002). The nonmovant is not required to marshal its proof but must produce summary judgment evidence that raises a genuine issue of material fact. *Ford Motor Co. v. Ridgway*, 135 S.W.3d 598, 600 (Tex. 2004); *Grant*, 73 S.W .3d at 215.

The nonmovant raises a genuine issue of material fact when he produces more than a scintilla of evidence to support the existence of the challenged element. *Ridgway*, 135 S.W.3d at 600. More than a scintilla of evidence is that amount of evidence that would allow reasonable and fair-minded people to disagree in their conclusions. *Id.* at 601. Because a no-evidence motion for summary judgment is essentially a pretrial directed verdict, we apply the legal sufficiency standard of review. *King Ranch, Inc. v. Chapman*, 118 S.W.3d 742, 750-51 (Tex. 2003). Therefore, we must view the evidence "in the light most favorable to the party against whom the summary judgment was rendered, crediting evidence favorable to that party if reasonable jurors could, and disregarding contrary

10

evidence unless reasonable jurors could not." *Mack Trucks, Inc. v. Tamez*, 206 S.W.3d 572, 582 (Tex. 2006).

Because we have held that the trial court did not abuse its discretion in refusing to consider Ward's amended affidavit, we consider the original affidavit. Commercial Metals argues that the original affidavit contained conclusory statements that were not proper summary judgment evidence. We agree. A conclusory statement is one that provides no factual basis for the conclusion drawn. *Paragon Gen. Contractors, Inc. v. Larco Constr., Inc.*, 227 S.W.3d 876, 883 (Tex. App.–Dallas 2007, no pet.). An affidavit containing conclusory statements is substantively defective, and no objection is required in the trial court. *Id.*

Ward's original affidavit provided no factual context for any of its conclusions. With respect to causation, the affidavit merely states "[a]fter the events at issue," certain events occurred, including that American Steel lost business and American Steel's customers purchased structural steel from Commercial Metals. Nowhere, however, does the affidavit explain what those events were, or how they caused American Steel to lose business. We hold that these statements do not constitute more than a scintilla of evidence to support causation, and the trial court did not err in granting the motion for summary judgment. *See LMB, Ltd. v. Moreno*, 201 S.W.3d 686, 688-89 (Tex. 2006) (per curiam) (holding that an affidavit that stated that "the conduct" of the defendant caused the plaintiff's injuries, but did not describe the conduct, was conclusory and no evidence). Accordingly, we overrule American Steel's second issue.

### IV. MOTION FOR NEW TRIAL

By its third issue, American Steel argues that the trial court abused its discretion by

denying its motion for new trial. Within this issue, American Steel relies on the same arguments it used to support its first and second issues and has not presented any new or different bases for its arguments. For the same reasons set forth above, we overrule American Steel's third issue.

## V. Conclusion

Because we have overruled all of American Steel's issues, we affirm the trial court's summary judgment.

_____
GINA M. BENAVIDES,
Justice

Delivered and filed the
11th day of March, 2010.

12