NUMBER 13-10-00455-CV

 

COURT OF APPEALS

 

THIRTEENTH DISTRICT
OF TEXAS

 

CORPUS CHRISTI – EDINBURG

                                                                                                                             

 

RITA LUNA,                                                                                 
 Appellant, 

                                                                             

 

v.

 

RAFAEL LUNA, REFUGIO LUNA JR., 

RODOLFO LUNA, RAMON LUNA, 

JUANITA LUNA NAVARRO, 

DOLORES LUNA VEGA, MARIA

CECILIA LUNA RIOS AND TERESA

LUNA MEDRANO, ET AL.,                                                                    Appellees.

                                                                                                                             

 

On appeal from the Probate
Court 

of Hidalgo County, Texas.

                                                                                                                             

 

MEMORANDUM OPINION

 

Before Justices
Rodriguez, Garza, and Perkes 

Memorandum Opinion by
Justice Garza 

 

            This is an appeal from a
summary judgment entered in a bill of review proceeding.  By two issues,
appellant, Rita Luna, contends that the trial court erred in:  (1) granting
summary judgment in favor of appellees[1]
disposing of “all parties and claims,” even though certain parties remain
pending; and (2) denying her motion for leave to file a late response to
appellees’ no-evidence motion for summary judgment.  We affirm.

I. 
Background

            On November 9, 2009,
appellant filed a petition for bill of review seeking to set aside a 1972
judgment closing the estate of Refugio Luna, who died in 1965.[2] 
Appellant contends that she is Refugio’s daughter and was denied due process
when appellees wrongfully closed the estate without providing her notice.[3] 


            On January 29, 2010, each
of the Talbot appellees filed identical no-evidence motions for summary
judgment, asserting, among other things, that:  (1) none of the Talbot
appellees controlled the administration of Refugio’s estate[4];
(2) all of Refugio’s heirs were identified in 1972 and no just cause existed
for reopening his estate; and (3) appellant’s claims were barred by limitations
and laches.  

            On June 16, 2010,
appellant’s counsel requested, and counsel for the Talbot appellees agreed, to
extend the deadline for filing a response to the Talbot appellees’ no-evidence
motions to June 18, 2010.  On June 17, 2010, however, counsel for the Talbot
appellees notified appellant’s counsel that his clients refused to agree to the
extension.  On June 18, 2010, appellant filed a motion for leave to file a late
response and a response to appellees’ motions.

            On June 23, 2010, the
trial court held a hearing on the Talbot appellees’ no-evidence motions. 
Appellant’s counsel, the Talbot appellees’ counsel, and Roberto’s counsel all
appeared at the hearing.  The trial court denied appellant’s motion for
continuance and motion for leave to file a late response.  At the conclusion of
the hearing, the trial court stated that, based on the May 1965 application for
administration, which identified Refugio’s heirs, the 1972 order closing the
estate, and the arguments of counsel, the appellees’ no-evidence motions were
granted.  

II. 
Jurisdiction

A.  Standard of Review
and Applicable Law 

            “Appellate
courts must determine, even sua sponte, the question of jurisdiction,
and the lack of jurisdiction may not be ignored simply because the parties do
not raise the issue.  When an appellate court concludes it does not have
jurisdiction, it can only dismiss the appeal.”  Walker Sand, Inc. v. Baytown
Asphalt Materials, Ltd., 95 S.W.3d 511, 514 (Tex. App.—Houston [1st Dist.]
2002, pet. denied) (internal citations omitted); see M.O. Dental Lab v. Rape,
139 S.W.3d 671, 673 (Tex. 2004) (“[W]e are obligated to review sua sponte
issues affecting jurisdiction.”).  An appeal may be taken only from a final
judgment.  Lehmann v. Har-Con Corp., 39 S.W.3d 191, 195 (Tex. 2001); First
Nat’l Bank v. De Villagomez, 54 S.W.3d 345, 347–48 (Tex. App.—Corpus
Christi 2001, pet. denied).  A judgment is final if it disposes of all pending
parties and claims in the record.  Lehmann, 39 S.W.3d at 195; see
Adame v. Law Office of Allison & Huerta, No. 13-04-670-CV, 2008 Tex.
App. LEXIS 3912, at *4 (Tex. App.—Corpus Christi May 22, 2008, pet. denied)
(mem. op.).  An order or judgment entered before a conventional trial on the
merits is final for purposes of appeal if it (1) actually disposes of all
claims and all parties before the court or (2) clearly and unequivocally states
that it finally disposes of all claims and all parties.  M.O. Dental Lab,
139 S.W.3d at 673–75; Lehmann, 39 S.W.3d at 205.

[T]he language of an order or judgment
can make it final, even though it should have been interlocutory, if
that language expressly disposes of all claims and all parties.  It is not
enough, of course, that the order or judgment merely use the word “final”.  The
intent to finally dispose of the case must be unequivocally expressed in the
words of the order itself.  But if that intent is clear from the order, then
the order is final and appealable, even though the record does not provide an
adequate basis for rendition of judgment.

 

In re Daredia, 317 S.W.3d 247, 248
(Tex. 2010) (per curiam) (orig. proceeding) (quoting Lehmann, 39 S.W.3d
at 200).  A judgment which states that “[t]his judgment disposes of all parties
and all claims in this cause of action and is therefore FINAL” “clearly and
unequivocally indicates that it is a final judgment.”  Id. 

B.  Discussion

            By her
first issue, appellant contends that the trial court erred in disposing of “all
parties and all claims” when “still-pending parties existed in the lawsuit.” 
According to appellant, “Roberto Luna and Romulo Luna are still pending
parties” in the trial court proceeding.  It is undisputed that Romulo is
deceased and was never served.  See M.O. Dental Lab, 139 S.W.3d
at 674–75 (holding summary judgment final, even though it did not
dispose of claims against an unserved defendant); In re Sheppard, 193 S.W.3d
181, 187 (Tex. App.—Houston [1st Dist.] 2006) (orig. proceeding) (holding a
judgment is final for purposes of appeal when (1) it expressly disposes of
some, but not all defendants, (2) the only remaining defendants have not been
served or answered, and (3) nothing indicates that plaintiff ever expected to
obtain service on the unserved defendants).  The record is also clear that Roberto
was a party.  He (1) was served with citation, (2) was represented by counsel, (3)
filed a “Motion to Adopt Pleadings of Co-Defendants for Summary Judgement”
[sic][5]
on June 22, 2010, the day before the hearing, and (4) appeared at the June 23,
2010 hearing.  

            At the
conclusion of the June 23, 2010 hearing, Roberto’s counsel argued that:  (1)
appellant’s claims were barred by limitations and (2) she could not establish
fraud because Romulo, the administrator of Refugio’s estate, was deceased and
none of the remaining co-defendants were involved in administering Refugio’s
estate.  Roberto’s counsel requested “that the [appellant’s] motions would be
denied and our summary judgment would be granted.”  

            The July
9, 2020 order[6]
granting the motions for no-evidence summary judgment states that appellant’s
claim is dismissed and that “[t]his judgment finally disposes of all parties
and all claims and is appealable.”  In Daredia, the supreme court found
that this language “clearly and unequivocally indicates that it is a final
judgment,” even though the judgment did not address the plaintiff’s claims
against one of the defendants.  See Daredia, 317 S.W.3d at 248; see
also In re Mason, No. 10-10-392-CV, 2010 Tex. App. LEXIS 10329, at *2–4
(Tex. App.—Waco Dec. 22, 2010, no pet.) (orig. proceeding) (finding order
stating that court “hereby disposes of all issues and all parties in this final
judgment” was clearly and unequivocally final).  In this case, given (1) that
Roberto joined in the Talbot appellees’ motions and appeared at the hearing, and
(2) the dispositive language in the trial court’s order, we hold that the trial
court properly disposed of all issues and parties.  See Lockett v. HB Zachry
Co., 285 S.W.3d 63, 72 (Tex. App.—Houston [1st Dist.] 2009, no pet.) (“Texas
courts have recognized adoption of a co-party's motion for summary judgment as
a procedurally legitimate practice.”); see Chapman v. King Ranch, Inc.,
41 S.W.3d 693, 700 (Tex. App.—Corpus Christi 2001), rev'd on other grounds,
118 S.W.3d 742 (Tex. 2003) (holding trial court did not err in “allowing [the
defendants] to adopt and incorporate, as their grounds for summary judgment,
the grounds for summary judgment alleged by their co-defendants”).  Thus, we
hold that the judgment is final for purposes of appeal.  We overrule
appellant’s first issue.  

III. 
Motion for Leave to File Late Response

            By her
second issue, appellant contends that the trial court erred in denying her
motion for leave to file a late response to the Talbot appellees’ summary
judgment motions.  In her motion, appellant argued that she was entitled to
file a late response because her counsel relied on the representations made by
counsel for the Talbot appellees agreeing to an extension of the deadline. 
Specifically, in her motion, appellant requested that the court grant her leave
to file a late response “for good cause based on reliance on [counsel for the
Talbot appellees’] oral agreement to extend the extension.”  

A.  Standard of Review
and Applicable Law 

            We review
the denial of a motion for leave to file a late summary judgment response for
an abuse of discretion.  See Carpenter v. Cimarron Hydrocarbons Corp.,
98 S.W.3d 682, 686 (Tex. 2002); State Office of Risk Mgm’t v. Alonso,
290 S.W.3d 254, 256 (Tex. App.—El Paso 2009, no pet.); El Dorado Motors,
Inc. v. Koch, 168 S.W.3d 360, 369 (Tex. App.—Dallas 2005, no pet.); see also
Am. Steel & Supply, Inc. v. Commercial Metals, Inc., No. 13-08-502-CV,
2010 Tex. App. LEXIS 1776, at *15 (Tex. App.—Corpus Christi March 11, 2010,
pet. denied) (mem. op.); FIA Card Servs. v. Vater, No. 02-09-109-CV,
2010 Tex. App. LEXIS 835, at *4 (Tex. App.—Fort Worth Feb. 4, 2010, no pet.)
(mem. op.).  A trial court abuses its discretion if it acts in an arbitrary or
unreasonable manner or if it acts without reference to any guiding rules or
principles.  Carpenter, 98 S.W.3d at 687 (citing Downer v. Aquamarine
Operators, Inc., 701 S.W.2d 238, 241-42 (Tex. 1985)).  

            In a
summary judgment proceeding, the nonmoving party may file and serve opposing
affidavits or other written responses no later than seven days prior to the
scheduled date of the hearing.  Tex. R.
Civ. P. 166a(c).  The nonmoving party must obtain leave to file evidence
after the deadline.  Id.  A motion for leave to file a late summary
judgment response should be granted when the nonmovant establishes good cause
by showing that the failure to timely respond (1) was not intentional or the
result of conscious indifference but the result of accident or mistake and (2)
allowing the late response will occasion no undue delay or otherwise injure the
party seeking summary judgment.  Carpenter, 98 S.W.3d at 688; Alonso,
290 S.W.3d at 256; Koch, 168 S.W.3d at 369.  

B.  Discussion

            Here, the record reflects that the
Talbot appellees’ no-evidence motions for summary judgment were filed on
January 29, 2010.  The hearing on the motions was not scheduled until June 23,
2010, almost five months later.[7] 
Appellant’s motion for leave notes that the deadline for filing a response was
June 16, 2010.  Appellant’s counsel waited until June 16, 2010—the day the response
was due—to request an extension of the deadline from opposing counsel.  The
motion, filed two days later, requests that the court grant the motion “for
good cause based on reliance on [the Talbot appellees’ counsel’s] oral
agreement to extend the deadline.”  The motion does not address why no response
was filed in the almost five months after the motions were filed.

            In State Office of Risk
Management v. Alonso, the El Paso court found no good cause existed for
permitting a late-filed response to a no-evidence motion for summary judgment. 
290 S.W.3d at 258.  The Alonso court rejected an argument similar to
that made here by appellant’s counsel:  that the non-movant’s counsel relied on
opposing counsel’s agreement to continue a summary judgment hearing.  Id.  In
Alonso, the defendant filed a no-evidence motion for summary judgment on
October 26, 2006; the hearing was scheduled for November 29.  Id. at
256.  On November 21—the day before the summary judgment response was
due—plaintiff’s counsel designated an expert witness, but contacted defense
counsel about a continuance because his expert witness was out of town and
unavailable to execute an affidavit.  Id.  Defense counsel agreed to
reschedule the hearing because of a scheduling conflict, but did not agree to a
continuance in order for discovery to be supplemented or filed.  Id.  On
November 28, the day before the hearing, plaintiff’s counsel requested that
defense counsel confirm an agreement for continuance; defense counsel refused
to agree to reschedule to allow plaintiff’s counsel to gather more evidence.  Id. 
The Alonso court concluded that plaintiff’s counsel had not
adequately explained his inaction:

The record is silent as to any
communication between [plaintiff’s counsel and his expert witness] from
November 1 through November 21.  For these twenty days, [plaintiff’s counsel]
knew that a motion for summary judgment was pending and that [plaintiff’s]
response was due on November 22.  While other jurists might have found good
cause to exist, we are hard pressed to conclude that the court below abused its
discretion.            

 

Id. at 258.

            Here, the
record is silent as to why appellant waited almost five months, until the day the summary judgment response
was due, to request an extension of the deadline.  Like the court in Alonso,
“we are
hard pressed to conclude that the court below abused its discretion” in denying
appellant’s motion for leave to file a late response.  See id.  We
overrule appellant’s second issue.

IV. 
Conclusion

            We affirm the
trial court’s judgment. 

                                                                                                

                                                                                                

DORI
CONTRERAS GARZA

                                                                                                Justice

 

 

Delivered and
filed the 

22nd day of August,
2011.









[1]
Appellees are the heirs of Refugio Luna, who died in 1965.  Rafael Luna,
Refugio Luna Jr., Ramon Luna, Rodolfo Luna, Teresa Luna Medrano, Juanita Luna
Navarro, Dolores Luna Vega, and Maria Cecilia Luna Rios are represented before
the trial court and on appeal by Mark M. Talbot (collectively, the “Talbot
appellees”).  Appellee Roberto Luna was represented before the trial court by
Brent Cavazos.

 





[2]
Appellant’s live pleading is her First Amended Petition for Bill of Review,
filed on January 5, 2010.

 





[3]
Appellant was born on January 3, 1959, and was therefore approximately thirteen
years old when the estate was closed in 1972. 

 





[4]
At the June 23, 2010 hearing on appellant’s motion for leave to file a late
response and the appellees’ motions for no-evidence summary judgment, the
Talbot appellees’ counsel noted that the administrator of Refugio’s estate was
Romulo Luna, who was deceased and not a party to appellant’s petition because
no personal representative had been served on his behalf. 





[5]
Although not initially included in the clerk’s record, at this Court’s request,
Roberto’s Motion to Adopt Pleadings has been provided in a Supplemental Clerk’s
Record.  See Tex. R. App. P.
34.5(c)(1), (3). 

 





[6]
The trial court initially signed an order dismissing appellant’s bill of review
on June 23, 2010.  However, that order only named “Rafael Luna” in the style of
the case.  On July 9, 2010, the trial court signed an order nunc pro tunc which
listed all of the Talbot appellees “et al.” in the style of the case.  





[7]
A letter from counsel for the Talbot appellees to appellant’s counsel reflects
that the June 23, 2010 hearing had been reset from June 1, 2010.