

NUMBER 13-10-00455-CV

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI – EDINBURG

RITA LUNA,                                                          Appellant,

v.

RAFAEL LUNA, REFUGIO LUNA JR.,
RODOLFO LUNA, RAMON LUNA,
JUANITA LUNA NAVARRO,
DOLORES LUNA VEGA, MARIA
CECILIA LUNA RIOS AND TERESA
LUNA MEDRANO, ET AL.,                                              Appellees.

## On appeal from the Probate Court
## of Hidalgo County, Texas.

# MEMORANDUM OPINION

### Before Justices Rodriguez, Garza, and Perkes
### Memorandum Opinion by Justice Garza

This is an appeal from a summary judgment entered in a bill of review

proceeding. By two issues, appellant, Rita Luna, contends that the trial court erred in: (1) granting summary judgment in favor of appellees[1] disposing of "all parties and claims," even though certain parties remain pending; and (2) denying her motion for leave to file a late response to appellees' no-evidence motion for summary judgment. We affirm.

## I. BACKGROUND

On November 9, 2009, appellant filed a petition for bill of review seeking to set aside a 1972 judgment closing the estate of Refugio Luna, who died in 1965.[2] Appellant contends that she is Refugio's daughter and was denied due process when appellees wrongfully closed the estate without providing her notice.[3]

On January 29, 2010, each of the Talbot appellees filed identical no-evidence motions for summary judgment, asserting, among other things, that: (1) none of the Talbot appellees controlled the administration of Refugio's estate[4]; (2) all of Refugio's heirs were identified in 1972 and no just cause existed for reopening his estate; and (3) appellant's claims were barred by limitations and laches.

On June 16, 2010, appellant's counsel requested, and counsel for the Talbot

---

[1] Appellees are the heirs of Refugio Luna, who died in 1965. Rafael Luna, Refugio Luna Jr., Ramon Luna, Rodolfo Luna, Teresa Luna Medrano, Juanita Luna Navarro, Dolores Luna Vega, and Maria Cecilia Luna Rios are represented before the trial court and on appeal by Mark M. Talbot (collectively, the "Talbot appellees"). Appellee Roberto Luna was represented before the trial court by Brent Cavazos.

[2] Appellant's live pleading is her First Amended Petition for Bill of Review, filed on January 5, 2010.

[3] Appellant was born on January 3, 1959, and was therefore approximately thirteen years old when the estate was closed in 1972.

[4] At the June 23, 2010 hearing on appellant's motion for leave to file a late response and the appellees' motions for no-evidence summary judgment, the Talbot appellees' counsel noted that the administrator of Refugio's estate was Romulo Luna, who was deceased and not a party to appellant's petition because no personal representative had been served on his behalf.

appellees agreed, to extend the deadline for filing a response to the Talbot appellees' no-evidence motions to June 18, 2010. On June 17, 2010, however, counsel for the Talbot appellees notified appellant's counsel that his clients refused to agree to the extension. On June 18, 2010, appellant filed a motion for leave to file a late response and a response to appellees' motions.

On June 23, 2010, the trial court held a hearing on the Talbot appellees' no-evidence motions. Appellant's counsel, the Talbot appellees' counsel, and Roberto's counsel all appeared at the hearing. The trial court denied appellant's motion for continuance and motion for leave to file a late response. At the conclusion of the hearing, the trial court stated that, based on the May 1965 application for administration, which identified Refugio's heirs, the 1972 order closing the estate, and the arguments of counsel, the appellees' no-evidence motions were granted.

## II. JURISDICTION

### A. Standard of Review and Applicable Law

"Appellate courts must determine, even *sua sponte*, the question of jurisdiction, and the lack of jurisdiction may not be ignored simply because the parties do not raise the issue. When an appellate court concludes it does not have jurisdiction, it can only dismiss the appeal." *Walker Sand, Inc. v. Baytown Asphalt Materials, Ltd.*, 95 S.W.3d 511, 514 (Tex. App.—Houston [1st Dist.] 2002, pet. denied) (internal citations omitted); *see M.O. Dental Lab v. Rape*, 139 S.W.3d 671, 673 (Tex. 2004) ("[W]e are obligated to review *sua sponte* issues affecting jurisdiction."). An appeal may be taken only from a final judgment. *Lehmann v. Har-Con Corp.*, 39 S.W.3d 191, 195 (Tex. 2001); *First Nat'l Bank v. De Villagomez*, 54 S.W.3d 345, 347–48 (Tex. App.—Corpus Christi 2001, pet.

denied). A judgment is final if it disposes of all pending parties and claims in the record. *Lehmann*, 39 S.W.3d at 195; *see Adame v. Law Office of Allison & Huerta*, No. 13-04-670-CV, 2008 Tex. App. LEXIS 3912, at *4 (Tex. App.—Corpus Christi May 22, 2008, pet. denied) (mem. op.). An order or judgment entered before a conventional trial on the merits is final for purposes of appeal if it (1) actually disposes of all claims and all parties before the court or (2) clearly and unequivocally states that it finally disposes of all claims and all parties. *M.O. Dental Lab,* 139 S.W.3d at 673–75; *Lehmann*, 39 S.W.3d at 205.

> [T]he language of an order or judgment *can* make it final, even though it should have been interlocutory, if that language expressly disposes of all claims and all parties. It is not enough, of course, that the order or judgment merely use the word "final". The intent to finally dispose of the case must be unequivocally expressed in the words of the order itself. But if that intent is clear from the order, then the order is final and appealable, even though the record does not provide an adequate basis for rendition of judgment.

*In re Daredia*, 317 S.W.3d 247, 248 (Tex. 2010) (per curiam) (orig. proceeding) (quoting *Lehmann*, 39 S.W.3d at 200). A judgment which states that "[t]his judgment disposes of all parties and all claims in this cause of action and is therefore FINAL" "clearly and unequivocally indicates that it is a final judgment." *Id.*

## B. Discussion

By her first issue, appellant contends that the trial court erred in disposing of "all parties and all claims" when "still-pending parties existed in the lawsuit." According to appellant, "Roberto Luna and Romulo Luna are still pending parties" in the trial court proceeding. It is undisputed that Romulo is deceased and was never served. *See M.O. Dental Lab*, 139 S.W.3d at 674–75 (holding summary judgment final, even though it did not dispose of claims against an unserved defendant); *In re Sheppard*, 193 S.W.3d 181,

4

187 (Tex. App.—Houston [1st Dist.] 2006) (orig. proceeding) (holding a judgment is final for purposes of appeal when (1) it expressly disposes of some, but not all defendants, (2) the only remaining defendants have not been served or answered, and (3) nothing indicates that plaintiff ever expected to obtain service on the unserved defendants). The record is also clear that Roberto was a party. He (1) was served with citation, (2) was represented by counsel, (3) filed a "Motion to Adopt Pleadings of Co-Defendants for Summary Judgement" [sic][5] on June 22, 2010, the day before the hearing, and (4) appeared at the June 23, 2010 hearing.

At the conclusion of the June 23, 2010 hearing, Roberto's counsel argued that: (1) appellant's claims were barred by limitations and (2) she could not establish fraud because Romulo, the administrator of Refugio's estate, was deceased and none of the remaining co-defendants were involved in administering Refugio's estate. Roberto's counsel requested "that the [appellant's] motions would be denied and our summary judgment would be granted."

The July 9, 2020 order[6] granting the motions for no-evidence summary judgment states that appellant's claim is dismissed and that "[t]his judgment finally disposes of all parties and all claims and is appealable." In *Daredia*, the supreme court found that this language "clearly and unequivocally indicates that it is a final judgment," even though the judgment did not address the plaintiff's claims against one of the defendants. *See Daredia*, 317 S.W.3d at 248; *see also In re Mason*, No. 10-10-392-CV, 2010 Tex. App.

---

[5] Although not initially included in the clerk's record, at this Court's request, Roberto's Motion to Adopt Pleadings has been provided in a Supplemental Clerk's Record. *See* TEX. R. APP. P. 34.5(C)(1), (3).

[6] The trial court initially signed an order dismissing appellant's bill of review on June 23, 2010. However, that order only named "Rafael Luna" in the style of the case. On July 9, 2010, the trial court signed an order nunc pro tunc which listed all of the Talbot appellees "et al." in the style of the case.

5

LEXIS 10329, at *2–4 (Tex. App.—Waco Dec. 22, 2010, no pet.) (orig. proceeding) (finding order stating that court "hereby disposes of all issues and all parties in this final judgment" was clearly and unequivocally final). In this case, given (1) that Roberto joined in the Talbot appellees' motions and appeared at the hearing, and (2) the dispositive language in the trial court's order, we hold that the trial court properly disposed of all issues and parties. *See Lockett v. HB Zachry Co.*, 285 S.W.3d 63, 72 (Tex. App.—Houston [1st Dist.] 2009, no pet.) ("Texas courts have recognized adoption of a co-party's motion for summary judgment as a procedurally legitimate practice."); *see Chapman v. King Ranch, Inc.*, 41 S.W.3d 693, 700 (Tex. App.—Corpus Christi 2001), *rev'd on other grounds*, 118 S.W.3d 742 (Tex. 2003) (holding trial court did not err in "allowing [the defendants] to adopt and incorporate, as their grounds for summary judgment, the grounds for summary judgment alleged by their co-defendants"). Thus, we hold that the judgment is final for purposes of appeal. We overrule appellant's first issue.

### III. MOTION FOR LEAVE TO FILE LATE RESPONSE

By her second issue, appellant contends that the trial court erred in denying her motion for leave to file a late response to the Talbot appellees' summary judgment motions. In her motion, appellant argued that she was entitled to file a late response because her counsel relied on the representations made by counsel for the Talbot appellees agreeing to an extension of the deadline. Specifically, in her motion, appellant requested that the court grant her leave to file a late response "for good cause based on reliance on [counsel for the Talbot appellees'] oral agreement to extend the extension."

6

## A. Standard of Review and Applicable Law

We review the denial of a motion for leave to file a late summary judgment response for an abuse of discretion. *See Carpenter v. Cimarron Hydrocarbons Corp.*, 98 S.W.3d 682, 686 (Tex. 2002); *State Office of Risk Mgm't v. Alonso*, 290 S.W.3d 254, 256 (Tex. App.—El Paso 2009, no pet.); *El Dorado Motors, Inc. v. Koch*, 168 S.W.3d 360, 369 (Tex. App.—Dallas 2005, no pet.); *see also Am. Steel & Supply, Inc. v. Commercial Metals, Inc.*, No. 13-08-502-CV, 2010 Tex. App. LEXIS 1776, at *15 (Tex. App.—Corpus Christi March 11, 2010, pet. denied) (mem. op.); *FIA Card Servs. v. Vater*, No. 02-09-109-CV, 2010 Tex. App. LEXIS 835, at *4 (Tex. App.—Fort Worth Feb. 4, 2010, no pet.) (mem. op.). A trial court abuses its discretion if it acts in an arbitrary or unreasonable manner or if it acts without reference to any guiding rules or principles. *Carpenter*, 98 S.W.3d at 687 (citing *Downer v. Aquamarine Operators, Inc.*, 701 S.W.2d 238, 241-42 (Tex. 1985)).

In a summary judgment proceeding, the nonmoving party may file and serve opposing affidavits or other written responses no later than seven days prior to the scheduled date of the hearing. TEX. R. CIV. P. 166a(c). The nonmoving party must obtain leave to file evidence after the deadline. *Id.* A motion for leave to file a late summary judgment response should be granted when the nonmovant establishes good cause by showing that the failure to timely respond (1) was not intentional or the result of conscious indifference but the result of accident or mistake and (2) allowing the late response will occasion no undue delay or otherwise injure the party seeking summary judgment. *Carpenter*, 98 S.W.3d at 688; *Alonso*, 290 S.W.3d at 256; *Koch*, 168 S.W.3d at 369.

7

**B. Discussion**

Here, the record reflects that the Talbot appellees' no-evidence motions for summary judgment were filed on January 29, 2010. The hearing on the motions was not scheduled until June 23, 2010, almost five months later.[7] Appellant's motion for leave notes that the deadline for filing a response was June 16, 2010. Appellant's counsel waited until June 16, 2010—the day the response was due—to request an extension of the deadline from opposing counsel. The motion, filed two days later, requests that the court grant the motion "for good cause based on reliance on [the Talbot appellees' counsel's] oral agreement to extend the deadline." The motion does not address why no response was filed in the almost five months after the motions were filed.

In *State Office of Risk Management v. Alonso*, the El Paso court found no good cause existed for permitting a late-filed response to a no-evidence motion for summary judgment. 290 S.W.3d at 258. The *Alonso* court rejected an argument similar to that made here by appellant's counsel: that the non-movant's counsel relied on opposing counsel's agreement to continue a summary judgment hearing. *Id.* In *Alonso*, the defendant filed a no-evidence motion for summary judgment on October 26, 2006; the hearing was scheduled for November 29. *Id.* at 256. On November 21—the day before the summary judgment response was due—plaintiff's counsel designated an expert witness, but contacted defense counsel about a continuance because his expert witness was out of town and unavailable to execute an affidavit. *Id.* Defense counsel agreed to reschedule the hearing because of a scheduling conflict, but did not agree to

---

[7] A letter from counsel for the Talbot appellees to appellant's counsel reflects that the June 23, 2010 hearing had been reset from June 1, 2010.

8

a continuance in order for discovery to be supplemented or filed. *Id.* On November 28, the day before the hearing, plaintiff's counsel requested that defense counsel confirm an agreement for continuance; defense counsel refused to agree to reschedule to allow plaintiff's counsel to gather more evidence. *Id.* The *Alonso* court concluded that plaintiff's counsel had not adequately explained his inaction:

> The record is silent as to any communication between [plaintiff's counsel and his expert witness] from November 1 through November 21. For these twenty days, [plaintiff's counsel] knew that a motion for summary judgment was pending and that [plaintiff's] response was due on November 22. While other jurists might have found good cause to exist, we are hard pressed to conclude that the court below abused its discretion.

*Id.* at 258.

Here, the record is silent as to why appellant waited almost five months, until the day the summary judgment response was due, to request an extension of the deadline. Like the court in *Alonso,* "we are hard pressed to conclude that the court below abused its discretion" in denying appellant's motion for leave to file a late response. *See id.* We overrule appellant's second issue.

## IV. CONCLUSION

We affirm the trial court's judgment.

DORI CONTRERAS GARZA
Justice

Delivered and filed the
22nd day of August, 2011.

9