Dismissed, Motion Denied, and Memorandum
Opinion filed January 6, 2011.

 

In
The

Fourteenth
Court of Appeals



NO. 14-09-00874-CV



Herring Bank, Appellant 

v.

Centro
Cristiano La Voz Que Clama a/k/a Ministerio La Voz Que Clama and St. Agnes
Missionary Baptist Church, Appellees 



On Appeal from
the 61st District Court

Harris County, Texas

Trial Court
Cause No. 2009-04024



 

MEMORANDUM OPINION 

Herring Bank appeals an order dismissing its suit for
lack of standing as a third-party beneficiary to a contract between appellees
Centro Cristiano La Voz Que Clama a/k/a Ministerio La Voz Que Clama
(hereinafter “La Voz”) and St. Agnes Missionary Baptist Church (hereinafter
“St. Agnes”).  We dismiss for lack of jurisdiction.[1]      

 

I.                  
Factual and
Procedural Background

In July 2008, St. Agnes and La Voz entered into an
Exclusive Real Estate Purchase Contract for La Voz to purchase certain property
from St. Agnes.  The contract was subsequently amended to, among other things,
acknowledge Herring Bank, as trustee for the bondholders who held a property
lien, as a third-party beneficiary to the contract.  When La Voz did not tender
payment to Herring Bank as required in the amendment to the contract, Herring
Bank filed suit. 

In its original petition, Herring Bank alleges a breach
of contract claim against La Voz for breach of the agreement between St. Agnes
and La Voz and a quantum meruit claim against both La Voz and St. Agnes for continued
use of the property.  In addition, Herring Bank requests attorney’s fees under
Texas Civil Practice and Remedies Code section 38.001.  St. Agnes filed an
answer, affirmative defenses, and counterclaim for wrongful foreclosure and
attorney’s fees; La Voz filed an answer with a general denial.

St. Agnes and La Voz filed a motion to dismiss
Herring Bank’s suit for lack of standing, arguing that (1) the contract and
amendment are unenforceable and (2) even if they are enforceable, Herring Bank
lacks standing as a third-party beneficiary because the amendment identifying
Herring Bank as a third-party beneficiary confers no right to enforce the
contract.  The trial court granted appellees’ motion to dismiss on the ground
that neither the contract nor the amendment vested a “right to sue to enforce
the contract” in Herring Bank.  The trial court ordered Herring Bank to take
nothing by reason of its suit and dismissed Herring Bank’s suit without
prejudice.  

II.              
Analysis

As a threshold issue, this Court must determine
whether it has jurisdiction over the appeal.  An appellate court is obligated
to review sua sponte issues affecting its jurisdiction.  See M.O.
Dental Lab v. Rape, 139 S.W.3d 671, 673 (Tex. 2004) (per curiam).  An
appeal may be taken only from a final order unless a statute or constitutional
source of authority specifically authorizes an interlocutory appeal.  See
Tex. Civ. Prac. & Rem. Code Ann. §§ 51.012, 51.014(1) (West 2008 &
Supp. 2010); Lehmann v. Har-Con Corp., 39 S.W.3d 191, 195 (Tex. 2001).  An
order issued without a conventional trial on the merits is final for purposes
of appeal if it (1) actually disposes of all claims and all parties before the
court or (2) clearly and unequivocally states that it finally disposes of all claims
and all parties.  Lehmann, 39 S.W.3d at 205.   

Here, the trial court’s order granted appellees’
motion to dismiss and stated that Herring Bank take nothing by reason of its
suit and dismissed its suit without prejudice.  The order did not adjudicate
St. Agnes’s counterclaim against Herring Bank for wrongful foreclosure and
attorney’s fees.[2] 
Nothing in the record indicates that the counterclaim was non-suited or
severed.  Language stating that the plaintiff take nothing by its
claims in the case, or that the case is dismissed, shows finality if there are no other claims
by any other parties; but if the record reveals the existence of parties or claims not mentioned in the order,
the order is not final.  Id.
at 205-06.  An order that adjudicates only the plaintiff’s
claims against the defendant does not adjudicate a counterclaim, cross-claim, or third-party claim.  Id. at 205.

In addition, the order does not state “with unmistakable
clarity that it is a final judgment as to all claims and all parties.”  Id.
at 192-93.  The order states:  “This is a FINAL order from which appeal may be
sought.”  An order does not dispose of all claims and all parties merely because
the word “final” appears in the order nor does an order completely dispose of a
case merely because it states that it is appealable.  Id. at 200, 205. 
“Rather, there must be some other clear indication that the trial court
intended the order to completely dispose of the entire case.”  Id. at 205.  The order does not clearly and
unequivocally state that it finally disposes of all parties and all claims.  Id. 
As a result, the trial court’s order is not final.[3]  See id.
at 192-93.

III.           
Conclusion

Because the record
indicates that St. Agnes’s counterclaim for wrongful foreclosure and attorney’s
fees was not disposed of and the order does not clearly and unequivocally state
that it finally disposes of all parties and all claims, we dismiss the appeal
for lack of jurisdiction.

                                                                                                /s/          Adele Hedges

                                                                                    Chief
Justice

 

 

 

Panel consists of Chief Justice Hedges,
Justice Jamison, and Senior Justice Hudson.*

 

 









[1]
Herring Bank filed a motion to strike portions of appellees’ brief because
those portions referenced materials outside of the appellate record.  The
motion was taken with the case.  Because of our disposition, we deny Herring
Bank’s motion as moot.  





[2] In addition, St. Agnes
moved for sanctions in its response to Herring Bank’s sur-reply on the motion
to dismiss and filed a request for oral hearing on its motion for sanctions
prior to the trial court’s dismissal order.  St. Agnes’s motion was not
specifically referenced by the dismissal order.  See Unifund CCR Partners v.
Villa, 299 S.W.3d 92, 96 (Tex. 2009) (per curiam).  “A judgment dismissing
all of a plaintiff’s claims against a defendant . . . does not necessarily
dispose of any cross-actions, such as a motion for sanctions, unless
specifically stated within the order.”  Crites v. Collins, 284 S.W.3d
839, 840-41 (Tex. 2009) (per curiam) (citing Lehmann, 39 S.W.3d at 199). 


 





[3]
There is a difference between an order that is interlocutory and one that is final
but erroneous.  “An express adjudication of all parties and claims in a case is
not interlocutory merely because the record does not afford a legal basis for
the adjudication.”  Lehmann, 39 S.W.3d at 200, 206; see also In re
Daredia, 317 S.W.3d 247, 248-49 (Tex. 2010) (per curiam) (orig. proceeding). 
Here, however, the order’s language is not an express adjudication of all
parties and claims.





* Senior Justice J. Harvey Hudson sitting
by assignment.