Opinion filed December 5, 2013



In The

# Eleventh Court of Appeals

_____

## No. 11-13-00281-CV

_____

## WILLIAM PATTERSON, Appellant

## V.

## WEST TEXAS ROYALTIES, INC., Appellee

**On Appeal from the 91st District Court**
**Eastland County, Texas**
**Trial Court Cause No. CV1041894**

### M E M O R A N D U M   O P I N I O N

William Patterson appeals from an order granting summary judgment in favor of the defendant, West Texas Royalties, Inc. Upon reviewing the clerk's record in this case, the clerk of this court wrote the parties and informed them that the notice of appeal appeared to be untimely. We requested that Patterson respond and show grounds to continue the appeal. Patterson filed a response urging that his notice of appeal was timely because the 2012 order granting summary judgment did not become final until August 20, 2013, when the trial court granted

Patterson's motion to sever. Because we conclude that the 2012 summary judgment was a final judgment, we dismiss the appeal for want of jurisdiction pursuant to TEX. R. APP. P. 42.3(a).

The record shows that the trial court entered a summary judgment on May 21, 2012. Almost one year later and with no intervening activity in the case, Patterson filed a motion for new trial on May 14, 2013. Patterson later filed a supplement to his motion for new trial and, as an alternative to his motion for new trial, sought to dismiss the defendant's cross-claims for want of prosecution, to sever those claims, or to clarify the court's position with respect to those claims. On August 20, 2013, the trial court entered an order in which it denied Patterson's motion for new trial and, alternatively, granted Patterson's motion for severance.

If the summary judgment was an interlocutory order, then Patterson's notice of appeal was timely; if, however, the summary judgment was a final and appealable order, then Patterson's notice of appeal was not timely and we have no jurisdiction over the appeal. A summary judgment is final and appealable if (1) "it actually disposes of every pending claim and party" or (2) "it clearly and unequivocally states that it finally disposes of all claims and all parties." *Lehmann v. Har-Con Corp.*, 39 S.W.3d 191, 205 (Tex. 2001). The summary judgment in this case does not contain the language, as suggested by the supreme court in *Lehmann*, that would leave no doubt about the trial court's intention that the summary judgment be final, i.e., "This judgment finally disposes of all parties and all claims and is appealable." *Id.* at 206; *see also In re Daredia*, 317 S.W.3d 247 (Tex. 2010). Instead, the summary judgment at issue in this case states, "This is a final judgment." We agree with Patterson that the mere inclusion of the word "final" in the summary judgment does not render a summary judgment final and appealable. *See Lehmann*, 39 S.W.3d at 205.

However, we conclude that the summary judgment "actually disposes of every pending claim and party." In the 2012 summary judgment, the trial court granted the defendant's motion for summary judgment and ordered that Patterson's claims against the defendant be dismissed with prejudice. Although the summary judgment explicitly disposes of all the claims between Patterson and the defendant, it does not mention the only other claims brought in this lawsuit: a third-party claim that the defendant had filed against Patterson's employer, Darrell Brush d/b/a Brush Oil. In its third-party petition, the defendant asserted the following cause of action against Brush:

> Defendant/Third-Party Plaintiff West Texas denies any liability in this case. However, *in the event that any recovery is had against West Texas in this suit*, West Texas asserts that it is entitled to complete indemnity and contribution from Third-Party Defendant Darrell Brush d/b/a Brush Oil because the damages alleged by Plaintiff were proximately caused by the negligent acts and/or omissions of Third-Party Defendant Darrell Brush d/b/a Brush Oil (emphasis added).

The claims asserted by the defendant against Brush were expressly contingent upon "any recovery" against the defendant. Patterson's claims against the defendant were dismissed with prejudice in the 2012 summary judgment. The dismissal of Patterson's claims against the defendant necessarily disposed of the defendant's claims against Brush because the claims against Brush were derivative of Patterson's claims against the defendant. *See Robinson v. Crown Cork & Seal Co.*, 335 S.W.3d 126, 135 (Tex. 2010) ("The trial court and parties appear to have assumed, correctly, that the summary judgment was nevertheless final because Robinson's statutory claims are wholly derivative of John's common-law claims, and the adjudication of the latter effectively disposed of the former."); *Johnson v. Tex. Genco, L.P.*, No. 14-05-00473-CV, 2006 WL 1389598, at *2 (Tex. App.—

Houston [14th Dist.] May 23, 2006, no pet.) (mem. op.) (noting, under circumstances similar to those in the present case, that the summary judgment was a final judgment because the unaddressed claims were derivative of those disposed of by summary judgment). As pleaded, the third-party claims were expressly contingent upon Patterson's recovery against the defendant and were, therefore, wholly derivative of Patterson's claims against the defendant. Consequently, the 2012 summary judgment not only disposed of Patterson's claims against the defendant but also disposed of all parties and all causes of action and was final and appealable.

The trial court's 2013 order, in which it "alternatively" granted a severance, is void because it was entered after the trial court's plenary power had expired. *See* TEX. R. CIV. P. 329b; TEX. R. APP. P. 26.1. The void order did not extend the time for filing a notice of appeal. Accordingly, Patterson's notice of appeal, which was filed on September 20, 2013, is untimely as it was due to be filed on or before June 20, 2012, thirty days after the final summary judgment was signed. *See* TEX. R. APP. P. 26.1. Absent a timely notice of appeal, this court is without jurisdiction to consider this appeal. *See Wilkins v. Methodist Health Care Sys.*, 160 S.W.3d 559, 563 (Tex. 2005); *Garza v. Hibernia Nat'l Bank*, 227 S.W.3d 233 (Tex. App.—Houston [1st Dist.] 2007, no pet.); *see also Verburgt v. Dorner*, 959 S.W.2d 615, 617 (Tex. 1997).

The appeal is dismissed for want of jurisdiction.


December 5, 2013                                          PER CURIAM

Panel consists of: Wright, C.J.,
Willson, J., and Bailey, J.