In re Pervez DAREDIA, Relator.

No. 09–1014.

Supreme Court of Texas.

July 2, 2010.

Steven S. Snelson, Gerstle Minissale & Snelson, LLP, Dallas TX, for Relator.

Alan R. Scheinthal, Scheinthal & Kouts LLP, Houston TX, for Real Party in Interest American Express Centurion Bank.

PER CURIAM.

American Express Centurion Bank and American Express Bank, FSB ("American Express") sued Pervez Daredia and Map Wireless, Inc. to recover $769,789.91 due on three credit card accounts. Daredia answered, but Map Wireless did not, and American Express moved the court "to award ... the relief requested ... by signing and entering the attached DE-FAULT JUDGMENT." That judgment, drafted by American Express's counsel, recited Map Wireless's default and awarded damages and attorney fees against Map Wireless. The last two sentences of the judgment stated: "All relief not expressly granted herein is denied. This judgment disposes of all parties and all claims in this cause of action and is therefore FINAL." The trial court signed the judgment, and no one appealed. More than fifteen months later,[1] American Express moved for judgment nunc pro tunc to correct what it called "typographical errors on behalf of the attorney in charge", who "should have used the word 'Interlocutory' in both the motion and judgment", so that the case could proceed against Daredia. Daredia responded that the judgment was final and that the court had lost plenary power over it thirty days after it was signed. *See* Tex.R. Civ. P. 329b. But the court granted the motion, and the court of appeals denied Daredia mandamus relief. 317 S.W.3d 274 (Tex.App.-Fort Worth 2009) (mem. op.).

The court of appeals concluded that the judgment "is ambiguous on its face" because it "fails to address any of American Express's claims against Daredia, yet it contains language that clearly and unequivocally indicates that it is a final judg-ment." *Id.* at 277. Given this ambiguity, the court held that "the judgment was interlocutory", it "did not resolve American Express's claims against Daredia", and therefore "the trial court retains jurisdiction over this case." *Id.* The court relied on our decision in *Lehmann v. Har–Con Corp.*, 39 S.W.3d 191, 205 (Tex.2001), but *Lehmann* is to the contrary. There we explained that

> the language of an order or judgment *can* make it final, even though it should have been interlocutory, if that language expressly disposes of all claims and all parties. It is not enough, of course, that the order or judgment merely use the word "final". The intent to finally dispose of the case must be unequivocally expressed in the words of the order itself. But if that intent is clear from the order, then the order is final and appealable, even though the record does not provide an adequate basis for rendition of judgment.

*Id.* at 200. We held that "the inclusion of a Mother Hubbard clause—by which we mean the statement, 'all relief not granted is denied', or essentially those words—does not indicate that a judgment rendered without a conventional trial is final for purposes of appeal." *Id.* at 203–204. But we suggested that "[a] statement like, 'This judgment finally disposes of all parties and all claims and is appealable', would leave no doubt about the court's intention" to finally dispose of the case. *Id.* at 206. And we cautioned that

> if the language of the order is clear and unequivocal, it must be given effect despite any other indications that one or more parties did not intend for the judgment to be final. An express adjudica-

---

1. In the interim, the only actions taken in the case by American Express were to substitute counsel and to serve on Daredia "Judgment Creditor's Interrogatories in Aid of Judg-ment". Daredia immediately responded that he had been discharged by the judgment, which was final. Six months later, American Express moved for judgment nunc pro tunc.

tion of all parties and claims in a case is not interlocutory merely because the record does not afford a legal basis for the adjudication. In those circumstances, the order must be appealed and reversed.

*Id.*

We agree with the court of appeals that the language of the judgment in this case clearly and unequivocally indicates that it is intended to be final. The use of the word "final" in the last sentence is slightly less clear than "appealable", the example offered in *Lehmann.* A judgment might possibly be said to be "final" as to only some claims or parties, while it would not be "appealable" unless it disposed of all. But the language of this judgment is clear enough. The court of appeals' holding that the failure to mention Daredia creates an ambiguity that makes the judgment interlocutory is contradicted by *Lehmann.*

American Express argues that, in *Lehmann*'s words, "[t]o determine whether an order disposes of all pending claims and parties, it may of course be necessary for the appellate court to look to the record in the case", *id.* at 205–206, and here the record clearly shows that a default judgment against Daredia, whose answer was on file, would have been improper. Further, American Express argues, the trial court itself recognized that the judgment was not intended to affect the claim against Daredia because it corrected (by initialed strikeouts) two typographical errors in the judgment as follows:

IT IS, THEREFORE, ORDERED, ADJUDGED, AND DECREED that said Defendant, ~~and~~ Map Wireless, Inc., is indebted to the Plaintiff, American Express Centurion Bank and American Express Bank, FSB, and that the Plaintiff is entitled to recover from the Defendant, ~~and~~ Map Wireless, Inc., the principal amount sued for, accrued interest, reasonable attorney fees, and all court costs.

The plain implication of these changes, American Express argues, is that the judgment was intended only to affect Map Wireless. The trial court simply erred in failing to strike the last two sentences.

■ But the lack of any basis for rendering judgment against Daredia did not preclude dismissing him from the case. Even if dismissal was inadvertent, as American Express insists, it was nonetheless unequivocal, and therefore effective. American Express complains that the trial court never made a substantive disposition of its claims against Daredia, but dismissal is not a ruling on the merits. We conclude that the judgment by its clear terms disposed of all claims and parties and was therefore final.

■ Even so, American Express contends that the dismissal of its claim against Daredia was a clerical error, not a judicial one, which could still be corrected after the judgment became final. But only errors made in entering a judgment are clerical; an error in rendition is judicial. *Escobar v. Escobar,* 711 S.W.2d 230, 231 (Tex.1986). "[P]rovisions alleged to have been inserted by mistake of the attorney nevertheless become a part of the court's judgment and therefore are judicial errors when thus rendered in writing by the court." *Dikeman v. Snell,* 490 S.W.2d 183, 185–186 (Tex.1973). By American Express's own admission, that fairly characterizes what occurred in this case.

American Express also argues that the error was clerical because a trial court has a ministerial duty to grant no more relief than a party requests, at least by way of dismissal or nonsuit, and if it does so, a party is entitled to correction nunc pro tunc. *See In re Bridges,* 28 S.W.3d 191, 194–195 (Tex.App.-Fort Worth 2000) (orig.

proceeding). *But see Travelers Ins. Co. v. Joachim,* 315 S.W.3d 860, 863 (Tex.2010) (holding that a dismissal with prejudice after nonsuit, while erroneous, is not void); *In re ROC Pretrial,* 75 S.W.3d 15, 17–18 (Tex.App.-San Antonio 2001, no pet.) (holding that the necessary import of *Shadowbrook Apts. v. Abu–Ahmad,* 783 S.W.2d 210 (Tex.1990) (per curiam), is that an order dismissing more parties than the plaintiff nonsuited is not void). Even if American Express's argument were correct, and we are not sure it is, it finds no application in this case. The relief American Express requested in its motion for default judgment was that the trial court would sign the judgment attached to the motion, and that is what the trial court did. The error, if there was one, was in the request for and rendition of judgment and thus could not be corrected nunc pro tunc after the trial court lost plenary jurisdiction.

American Express complains that the judgment, if not corrected, will give Daredia a windfall, but being given the relief an opponent requests can hardly be considered a windfall. Further, had American Express acted promptly in pursuing its claim against Daredia, before and after suit, counsel's error in allowing the claim to be dismissed could have been rectified, either by timely moving to reinstate the case, or perhaps by refiling the lawsuit. *See Christensen v. Chase Bank USA, N.A.,* 304 S.W.3d 548, 554 (Tex.App.-Dallas 2009, pet. filed) (a general denial of relief is without prejudice). *But see Alvarado v. Magic Valley Elec. Co-op, Inc.,* 784 S.W.2d 729, 733 (Tex.App.-San Antonio 1990, writ denied) (a general denial of relief is a decision on the merits).

We conclude that the trial court clearly abused its discretion in setting aside a judgment after its plenary power expired. Daredia has no adequate remedy at law.

*See In re Dickason,* 987 S.W.2d 570, 571 (Tex.1998) (per curiam) (granting mandamus relief to set aside an order granting a motion for new trial filed after the trial court's plenary power had expired); *see also In re Prudential Ins. Co. of Am.,* 148 S.W.3d 124, 136–137 (Tex.2004). Accordingly, without hearing oral argument, we conditionally grant Daredia's petition for mandamus and direct the trial court to vacate its order dated February 24, 2009, granting American Express's motion for judgment nunc pro tunc and vacating the default judgment dated July 2, 2007. Tex. R.App. P. 52.8(c). We are confident that the trial court will promptly comply; our writ will issue only if it does not.

Justice LEHRMANN did not participate in the decision.