

# IN THE
# TENTH COURT OF APPEALS

_____

## No. 10-10-00392-CV

## IN RE JOHN A. MASON, JR. M.D.

_____

## Original Proceeding

_____

## MEMORANDUM  OPINION

_____

John A. Mason, Jr. seeks a writ of mandamus compelling Respondent, the Honorable J. D. Langley, Judge of the 85th District Court of Brazos County, to vacate an October 5, 2010 "Order Clarifying [a] Previous Order" entered on April 28, 2010, which is on its face a final judgment.  We will conditionally grant mandamus relief.

The underlying suit is a health care liability suit filed by Susan Corn against Mason.  Corn also named a hospital as co-defendant in her original and first amended petitions.  On March 23, 2010, Corn filed a notice of nonsuit with regard to her claims against the hospital.  A visiting judge signed an order on April 28: (1) dismissing Corn's claims against the hospital with prejudice; and (2) releasing the hospital from any liability with regard to Corn's claims.  The April 28 order concludes, "ORDERED that

all relief not specifically granted in this final judgment is denied. The Court hereby disposes of all issues and all parties in this final judgment."

Corn filed a motion for judgment nunc pro tunc or, alternatively, a petition for bill of review on July 30. Respondent conducted a hearing on this pleading on August 25. At the conclusion of the hearing, Respondent announced that he would sign a judgment nunc pro tunc because he considered the April 28 judgment to be ambiguous. Respondent determined that: (1) the parties did not intend for the April 28 judgment to be a final judgment; (2) the April 28 judgment "makes it clear" that the dismissal was only as to the hospital because Mason is mentioned nowhere in the judgment; and (3) the April 28 judgment was in fact an interlocutory order dismissing only the hospital.

The Supreme Court addressed a similar situation in *In re Daredia*, 317 S.W.3d 247 (Tex. 2010) (per curiam) (orig. proceeding). There, American Express sued Daredia and Map Wireless, Inc. on three credit card accounts. Map Wireless failed to answer, and American Express sought a default judgment against that defendant. The judgment recited Map Wireless's default, awarded damages and attorney's fees against Map Wireless, and concluded, "All relief not expressly granted herein is denied. This judgment disposes of all parties and all claims in this cause of action and is therefore FINAL." *See id.* at 248.

American Express filed a motion for judgment nunc pro tunc more than a year later claiming that its counsel had made a typographical error in preparing the default judgment. The trial court granted the motion, and the Fort Worth Court of Appeals denied mandamus relief, holding that the default judgment was "ambiguous on its

face" because it failed to address any of American Express's claims against Daredia yet recited that it was a final judgment. *Id.*

Citing *Lehmann v. Har-Con Corp.*, 39 S.W.3d 191 (Tex. 2001), the Supreme Court first observed that the default judgment was unequivocally final on its face even though the record indicated that this was not American Express's intent when it sought the default judgment. *See Daredia*, 317 S.W.3d at 249.

> [I]f the language of the order is clear and unequivocal, it must be given effect despite any other indications that one or more parties did not intend for the judgment to be final. An express adjudication of all parties and claims in a case is not interlocutory merely because the record does not afford a legal basis for the adjudication. In those circumstances, the order must be appealed and reversed.

*Id.* at 248-49 (quoting *Lehmann*, 39 S.W.3d at 206).

The Court held that this was not a "clerical error" which could be corrected by judgment nunc pro tunc. *Id.* at 249-50. Thus, the Respondent in that case abused his discretion by rendering a corrective judgment nunc pro tunc after losing plenary jurisdiction. *Id.* at 250.

Mason's case is indistinguishable. The language of the April 28, 2010 order is "clear and unequivocal." *See id.* at 248. Corn's motion for judgment nunc pro tunc cannot be construed as a motion for new trial because it was filed more than 30 days after the April 28 order was signed.[1] *See* TEX. R. CIV. P. 329b(a). Respondent signed the October 5 order well after his plenary jurisdiction expired. *Id.* 329b(d).

---

[1] Even if this were a timely-filed motion for new trial, Respondent's plenary jurisdiction would have extended no further than August 11, 2010 (105 days after the April 28 order was signed), nearly 2 months before he signed the clarifying order. *See* TEX. R. CIV. P. 329b(c), (e); *Philbrook v. Berry*, 683 S.W.2d

Respondent abused his discretion by signing the October 5 order after his plenary jurisdiction expired.  *Daredia*, 317 S.W.3d at 250.  Mason has no adequate remedy at law.  *Id.*  Therefore, we conditionally grant Mason's mandamus petition.  A writ will issue only if Respondent fails to vacate the October 5, 2010 order within fourteen days after the date of this opinion.

FELIPE REYNA
Justice

Before Chief Justice Gray,
     Justice Reyna, and
     Justice Davis
Petition conditionally granted
Opinion delivered and filed December 22, 2010
[OT06]

---

378, 379 (Tex. 1985) (per curiam); *Curry v. Bank of Am., N.A.*, 232 S.W.3d 345, 352 (Tex. App.—Dallas 2007, pet. denied).