IN THE

TENTH COURT OF APPEALS

 




 
 
 
 
 
 
 


 

 



No. 10-10-00392-CV

 

In
re John A. Mason, Jr. M.D.

 

 



Original Proceeding

 

 



MEMORANDUM  Opinion



 

            John A. Mason, Jr. seeks a
writ of mandamus compelling Respondent, the Honorable J. D. Langley, Judge of
the 85th District Court of Brazos County, to vacate an October 5, 2010 “Order Clarifying
[a] Previous Order” entered on April 28, 2010, which is on its face a final
judgment.  We will conditionally grant mandamus relief.

            The underlying suit is a
health care liability suit filed by Susan Corn against Mason.  Corn also named a
hospital as co-defendant in her original and first amended petitions.  On March
23, 2010, Corn filed a notice of nonsuit with regard to her claims against the
hospital.  A visiting judge signed an order on April 28: (1) dismissing Corn’s
claims against the hospital with prejudice; and (2) releasing the hospital from
any liability with regard to Corn’s claims.  The April 28 order concludes,
“ORDERED that all relief not specifically granted in this final judgment is
denied.  The Court hereby disposes of all issues and all parties in this final
judgment.”

            Corn filed a motion for
judgment nunc pro tunc or, alternatively, a petition for bill of review on July
30.  Respondent conducted a hearing on this pleading on August 25.  At the
conclusion of the hearing, Respondent announced that he would sign a judgment
nunc pro tunc because he considered the April 28 judgment to be ambiguous. 
Respondent determined that: (1) the parties did not intend for the April 28 judgment
to be a final judgment; (2) the April 28 judgment “makes it clear” that the
dismissal was only as to the hospital because Mason is mentioned nowhere in the
judgment; and (3) the April 28 judgment was in fact an interlocutory order
dismissing only the hospital.

            The Supreme Court addressed
a similar situation in In re Daredia, 317 S.W.3d 247 (Tex. 2010) (per
curiam) (orig. proceeding).  There, American Express sued Daredia and Map
Wireless, Inc. on three credit card accounts.  Map Wireless failed to answer,
and American Express sought a default judgment against that defendant.  The
judgment recited Map Wireless’s default, awarded damages and attorney’s fees
against Map Wireless, and concluded, “All relief not expressly granted herein
is denied.  This judgment disposes of all parties and all claims in this cause
of action and is therefore FINAL.”  See
id. at 248.

            American Express filed a
motion for judgment nunc pro tunc more than a year later claiming that its
counsel had made a typographical error in preparing the default judgment.  The
trial court granted the motion, and the Fort Worth Court of Appeals denied
mandamus relief, holding that the default judgment was “ambiguous on its face”
because it failed to address any of American Express’s claims against Daredia
yet recited that it was a final judgment.  Id.

            Citing Lehmann v. Har-Con
Corp., 39 S.W.3d 191 (Tex. 2001), the Supreme Court first observed that the
default judgment was unequivocally final on its face even though the record
indicated that this was not American Express’s intent when it sought the
default judgment.  See Daredia, 317 S.W.3d at 249.

[I]f the language of the
order is clear and unequivocal, it must be given effect despite any other
indications that one or more parties did not intend for the judgment to be
final.  An express adjudication of all parties and claims in a case is not interlocutory merely
because the record does not afford a legal basis for the adjudication.  In
those circumstances, the order must be appealed and reversed.

 

Id. at 248-49 (quoting Lehmann, 39 S.W.3d at 206).

            The Court held
that this was not a “clerical error” which could be corrected by judgment nunc
pro tunc.  Id. at 249-50.  Thus, the
Respondent in that case abused his discretion by rendering a corrective
judgment nunc pro tunc after losing plenary jurisdiction.  Id. at 250.

            Mason’s case is
indistinguishable.  The language of the April 28, 2010 order is “clear and
unequivocal.”  See id. at 248.  Corn’s motion for judgment nunc pro tunc
cannot be construed as a motion for new trial because it was filed more than 30
days after the April 28 order was signed.[1] 
See Tex. R. Civ. P.
329b(a).  Respondent signed the October 5 order well after his plenary
jurisdiction expired.  Id. 329b(d).

            Respondent
abused his discretion by signing the October 5 order after his plenary
jurisdiction expired.  Daredia, 317 S.W.3d at 250.  Mason has no
adequate remedy at law.  Id.  Therefore, we conditionally grant Mason’s mandamus petition.  A writ
will issue only if Respondent fails to vacate the October 5, 2010 order within
fourteen days after the date of this opinion.

 

FELIPE REYNA

Justice

 

Before Chief
Justice Gray,

Justice
Reyna, and

Justice
Davis

Petition
conditionally granted

Opinion
delivered and filed December 22, 2010

[OT06]









[1]
              Even if this were a
timely-filed motion for new trial, Respondent’s plenary jurisdiction would have
extended no further than August 11, 2010 (105 days after the April 28 order was
signed), nearly 2 months before he signed the clarifying order.  See Tex. R. Civ. P. 329b(c), (e); Philbrook
v. Berry, 683 S.W.2d 378, 379
(Tex. 1985) (per curiam); Curry
v. Bank of Am., N.A., 232 S.W.3d 345, 352 (Tex. App.—Dallas 2007,
pet. denied).