Opinion issued March
3, 2011


 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 

 


In The

Court of Appeals

For The

First District of
Texas

————————————

NO.
01-09-00820-CV

———————————

Cleveland Johnson,
Appellant

V.

Sonya Pierre, Appellee



 



 

On Appeal from the 400th
District Court 

Fort Bend County,
Texas



Trial Court Case No. 09-DCV-169040

 



 

MEMORANDUM
OPINION

Appellant Cleveland Johnson appeals from a summary
judgment order entered in favor of appellee Sonya Pierre, who is Johnson’s
daughter.  We conclude that the summary
judgment does not dispose of all of Johnson’s claims and, therefore, is not a
final and appealable judgment.  We dismiss
this appeal for lack of jurisdiction. See
Tex. R. App. P. 42.3(a).

Background

The focus of the dispute between Johnson and Pierre is ownership of a
home in which Johnson resided.  Johnson
brought suit against Pierre alleging claims for suit to quiet title, fraud,
breach of fiduciary duty, breach of contract, “unclean hands,” and promissory
estoppel and seeking declaratory judgment that the warranty deed given to
Pierre conveyed only a security interest in the property.[1]  Pierre filed a motion for summary judgment
combining both traditional and no-evidence grounds for summary judgment.  The no-evidence portion of Pierre’s motion challenged
Johnson’s claims for suit to quiet title, fraud, breach of fiduciary duty,
breach of contract, unclean hands, and promissory estoppel, but Pierre did not
bring a no-evidence challenge to Johnson’s declaratory judgment action.  Pierre did seek traditional summary judgment
on Johnson’s declaratory judgment action, as well as certain affirmative
defenses.

On June 15, 2009, the trial court entered an order on Pierre’s motion for
summary judgment.   The summary judgment
order addressed Pierre’s no-evidence motion for summary judgment separately
from Pierre’s motion for traditional summary judgment.  The trial court checked the portion of the
order that ordered that Johnson “take nothing for his claims pursuant to
Defendant Sonya Pierre’s Texas Rule of Civil Procedure 166a(i) No-Evidence
Motion for Summary Judgment.”  The trial
court did not check the portion of the order that would have ordered that
Johnson take nothing for his claims pursuant to Pierre’s motion for traditional
summary judgment.         

Thirty days later, Johnson filed a motion for new trial.  In the motion for new trial, Johnson pointed
out that Pierre’s no-evidence summary judgment motion did not challenge his
declaratory judgment action and, therefore, his declaratory judgment action was
still alive and pending before the trial court. 
The trial court denied Johnson’s motion for new trial on August 17,
2009.  Thirty days after the denial of
his motion for new trial, Johnson filed a notice of appeal. 

On February 1, 2011, the Clerk of this Court sent the parties notice of possible dismissal for
want of jurisdiction.  The notice
observed that the trial court’s June 15, 2009 order granting defendant’s
no-evidence motion for summary judgment does not dispose of plaintiff’s declaratory
judgment action and that the record does not show that plaintiff’s declaratory
judgment action was otherwise resolved.  The
parties were given until February 11, 2011 to file a written response to show
that the Court has jurisdiction over this appeal.  See Tex.
R. App. P. 42.3.  Johnson filed a response in which he agreed that the trial court’s
order was not a final judgment and that this Court lacks jurisdiction over this
appeal.  Appellee did not file a response.  

Jurisdiction

With the exception of certain statutory interlocutory
jurisdiction not at issue here, this Court has jurisdiction to hear appeals
only from final judgments.  Lehmann v. Har-Con Corp., 39 S.W.3d 191,
195 (Tex. 2001); see also Tex. Civ. Prac. & Rem. Code §
51.014 (West 2008) (granting jurisdiction over certain interlocutory
orders).  We may not presume finality with respect to a summary judgment entered
prior to a conventional trial.  See Lehmann, 39 S.W.3d at 199–200; In re Burlington Coat Factory Warehouse of
McAllen, Inc., 167 S.W. 3d 827, 829 (Tex. 2005).  Because the trial court granted only Pierre’s no-evidence summary
judgment, and because Pierre’s no-evidence summary judgment does not address
Johnson’s declaratory judgment, we conclude that the summary judgment order
does not dispose of Johnson’s declaratory judgment cause of action.  A summary judgment that does not dispose of
all parties and causes of action is not final and appealable absent a
severance.  Parker v. Waller Cnty., No. 01-95-01010-CV, 1996 WL 609434, at *1
(Tex. App.—Houston [1st Dist.] Oct. 24, 1996, no writ) (citing Mafrige v. Ross, 866 S.W.2d 590, 591
(Tex. 1993)); Murray v. E.I. Dupont de
Nemours & Co., Inc., No. 01-93-0325-CV, 1994 WL 22339, at *1 (Tex.
App.—Houston [1st Dist.] Jan. 26, 1994, writ denied) (not designated for
publication) (per curiam) (citing Teer v.
Duddlestein, 664 S.W.2d 702, 704 (Tex. 1984)).

We recognize that a summary judgment order may grant summary judgment on
all claims in an action even if the summary judgment movant did not request
summary judgment on all claims; in such instance, the summary judgment order is
erroneous but final.  Lehmann, 39 S.W.3d
at 199–200.  Here, however, the trial court’s judgment does not
purport to grant summary judgment on claims not addressed in Pierre’s
no-evidence summary judgment. 
Additionally, the trial court’s summary judgment order contains no other
indication that the trial court intended the order to be final and appealable
despite not addressing Johnson’s declaratory judgment action.  Cf. Lehmann, 39
S.W.3d at 200–204 (declaring that judgment that does not dispose of all parties
and claims may be made final only by the inclusion of express and unequivocal
language of finality); In re Daredia,
317 S.W. 3d 247, 248 (Tex. 2010) (same).  The only additional language in the trial
court’s order is a statement that “[a]ny other matters not expressly stated
herein are denied.”  The Texas Supreme
Court has held that such clauses, often called “Mother Hubbard clauses,” do not
establish finality in a judgment rendered without the benefit of a conventional
trial on the merits.  Lehmann, 39 S.W.3d at 203–204.  

Thus, we conclude that the trial court’s summary judgment
order is not a final judgment.  Because
the trial court’s summary judgment order is not final, this Court lacks
jurisdiction over this appeal.  Cf. Yahweh v. Abbott, No. 01-09-00584-CV, 2010 WL 3928511, at *1 (Tex.
App.—Houston [1st Dist.] Oct. 7, 2010, no pet.) (mem. op.) (dismissing for want
of jurisdiction where summary judgment order did not dispose of all parties and
claims).  

Conclusion

We dismiss this appeal for want of jurisdiction.  See Tex.
R. App. P. 42.3(a).

 

Per Curium

Panel
consists of Chief Justice Radack and Justices Alcala and Bland.

 











[1]           Johnson’s
petition also asks the trial court to determine whether Johnson is a third
party beneficiary of an alleged settlement agreement between Pierre and Charlie
Williams, a non-party, and may be read as requesting a declaration to that
effect.