NO. 07-11-00311-CV

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL B

FEBRUARY 2, 2012

_____

IN THE INTEREST OF B.N.D., A CHILD

_____

FROM THE 320TH DISTRICT COURT OF POTTER COUNTY;

NO. 78,606-D; HONORABLE DON R. EMERSON, JUDGE

_____

Before QUINN, C.J., and CAMPBELL and HANCOCK, JJ.

**MEMORANDUM OPINION**

Following an order in suit to modify parent-child relationship, appellant, Lindsey Nicole Day, timely filed a pro se notice of appeal. The clerk's record was filed with this Court on October 6, 2011. The reporter requested an extension of time to file the reporter's record on October 26, 2011, because (1) Day had not requested preparation of the record, (2) Day had not paid or made arrangements to pay for the record, and (3) "The order was only a temporary and a motion for new trial granted – I provided these to 7th COA."[1] The reporter's request for extension was granted. By letter dated October

_____

[1] Review of the clerk's record reveals that the order appealed from was, in fact, a final order that was signed on July 8, 2011. Day's motion for new trial was filed on August 10, 2011, which is outside of 30 days after the order was signed and, therefore, was untimely. See TEX. R. CIV. P. 329b(a). The trial court entered its order granting Day a new trial on August 16, 2011. However, because Day's motion for new trial was

28, 2011, Day was notified of this defect and given an opportunity to either have the record filed or to certify that the record had been requested and that arrangements had been made to pay for the record by November 28, 2011.  This letter warned Day that failure to comply with this deadline may result in a deadline being set for appellant's brief in the absence of a reporter's record.  See TEX. R. APP. P. 37.3(c).  After Day failed to respond to this Court's November 28 letter, the Court notified Day that her brief was due to be filed no later than January 5, 2012.

Having received no brief by this January 5 deadline, on January 17, this Court sent Day notice that her brief was past due.  This notice specifically advised Day that, unless appellant's brief was filed with this Court on or before January 27, this appeal would be subject to dismissal without further notice.  See TEX. R. APP. P. 38.8(a)(1), 42.3(b).  To this date, Day has not filed appellant's brief nor responded to any of this Court's correspondence.  As such, we now dismiss this appeal for want of prosecution and failure to comply with a notice from the Clerk of this Court requiring a response or other action in a specified time.  See TEX. R. APP. P. 38.8(a)(1), 42.3(b), (c).

Mackey K. Hancock
Justice

---

untimely and the trial court did not grant a new trial within 30 days after the judgment was signed, the trial court did not have plenary power to grant the new trial.  See TEX. R. CIV. P. 329b(d), (f); In re Daredia, 317 S.W.3d 247, 250 (Tex. 2010).  As a result, this explanation for the reporter's request for extension of time to file the record was not accepted as presenting good cause for the delay.  However, Day's failure to request preparation of the record and failure to pay for or make arrangements to pay for the record were accepted as good cause.  See TEX. R. APP. P. 35.3(b).