In The

*Court of Appeals*

*Ninth District of Texas at Beaumont*

_____

NO. 09-18-00130-CV
_____

TYLER BENNETT COX, Appellant

V.

CASEY O'NEIL FOSTER, INDIVIDUALLY AND D/B/A FOSTER
ENTERPRISE, AND JESSICA FOSTER, Appellees

On Appeal from the 60th District Court
Jefferson County, Texas
Trial Cause No. B-198,020, consolidated with No. E-198,085

MEMORANDUM OPINION

The trial court signed a summary judgment order on December 18, 2017. Tyler Bennett Cox filed a notice of appeal on April 4, 2018. We questioned whether the notice of appeal was timely filed and the parties filed responses. Cox argues the December 18, 2017 order granting summary judgment was not final because it did not dispose of his claims against Foster Enterprises. Alternatively, Cox argues the

time for perfecting an appeal runs from the date on which the trial court signed orders denying Cox's motion for reconsideration and motion to sever.

Casey O'Neil Foster and Jessica Foster filed a motion for summary judgment on Cox's claims of negligence and gross negligence. When the trial court granted the motion for summary judgment, Cox's live pleading alleged that at the time of the incident that gave rise to the litigation, Casey Foster operated Foster Enterprises as a sole proprietorship.[1] Cox alleged that Foster Enterprises was vicariously liable for the acts that occurred in its principal place of business, the Fosters's residence, because Casey Foster was acting within the course and scope of his agency relationship with Foster Enterprises. The order granting the Fosters's motion for summary judgment stated, "Plaintiff Tyler Bennett Cox's claims against Defendants Casey O'Neil Foster and Jessica Foster are hereby dismissed with prejudice."

"A judgment that finally disposes of all remaining parties and claims, based on the record in the case, is final, regardless of its language." *Lehmann v. Har–Con Corp.*, 39 S.W.3d 191, 200 (Tex. 2001). Cox argues that his claim against Foster Enterprises was not disposed of in the order granting the Fosters's motion for

---

[1] Cox initially sued Foster Safety, LLC but amended his pleadings after Foster Safety, LLC filed a motion for summary judgment on the ground that it was incorporated in 2015 and did not exist on the date of the incident made the basis of the lawsuit.

summary judgment. However, it was undisputed that Casey Foster was doing business as Foster Enterprises. "[A] sole proprietorship has a legal existence only in the identity of the sole proprietor." *Ideal Lease Serv., Inc. v. Amoco Prod. Co.*, 662 S.W.2d 951, 952 (Tex. 1983). By filing a pleading naming as a defendant "Casey Foster d/b/a Foster Enterprise," Cox effectively substituted Casey Foster as the true name of the party. *See* Tex. R. Civ. P. 28. Because Casey Foster is Foster Enterprises, the order granting the Fosters's motion for summary judgment disposed of all of Cox's claims against the only defendants before the court. *See id.* The dismissal was effective even if it included claims on which the Fosters had not sought summary judgment. *See generally In re Daredia*, 317 S.W.3d 247, 249–50 (Tex. 2010); *Lehmann*, 39 S.W.3d at 206 (stating that if the trial court's intent is clear from the order, then the order is final and appealable, even though the record does not provide an adequate basis for rendition of judgment).

Cox contends the time to perfect his appeal commenced on March 14, 2018. On that date, the trial court signed two orders. One stated:

> On this day came to be heard Plaintiff's Motion for Reconsideration and Motion to Sever. Upon consideration of Plaintiff's Motion, the Court is of the opinion that it should in all things be DENIED.
>
> IT IS THEREFORE ORDERED that Plaintiffs Motion for Reconsideration and motion to Sever is in all things DENIED.

3

The other order provided as follows:

> Came on to be heard by the Court, Plaintiff, Tyler Cox's Motion to Sever. After reviewing said Motion, responses filed by the parties, and oral arguments, if any, the Court finds that Plaintiff's Motion to Sever should be, and is hereby, DENIED.
>
> It is therefore ORDERED that the December 18, 2017 Order Granting Defendants Casey O'Neil Foster and Jessica Foster's No-Evidence and Traditional Motion for Summary Judgment, dismissing Plaintiff's claims against Casey O'Neil Foster and Jessica Foster with prejudice is final and appealable as it dismissed all claims against all parties.

If the trial court signs a new judgment while it retains plenary power over the case, the time to perfect appeal runs from the date of the second judgment. *See* Tex. R. Civ. P. 329b(h). In this case, however, neither order signed on March 14, 2018, modified, corrected, or reformed the December 18, 2017 judgment in any respect. *See id.*

Neither of the March 14, 2018 orders changed the judgment in any respect. In one order the trial court denied Cox's post-judgment motion to sever and explained that there were no claims to sever because the trial court had already signed a final judgment. The other order overruled Cox's motion for reconsideration. A motion for reconsideration is equivalent to a motion for new trial. *Holloway v. Columbine Homeowner's Ass'n*, No. 2-05-078-CV, 2005 WL 1120019, at *1 (Tex. App.—Fort Worth May 12, 2005, no pet.) (mem. op.). "The date a trial court overrules a motion

4

for new trial does not affect the appellate timetable[.]" *Id.* The mere filing of such a motion extends the deadline to perfect an appeal from thirty days to ninety days, but the date the trial court signs the order is irrelevant. *Id.*

The trial court signed the final judgment on December 18, 2017. Cox filed a motion for reconsideration within thirty days, thereby extending the time to perfect an appeal from thirty to ninety days. *See* Tex. R. App. P. 26.1(a). The notice of appeal was due March 19, 2018. *See* Tex. R. App. P. 4.1(a). The period of time within which a request for an extension of time to file a notice of appeal may be granted expired April 3, 2018. *See* Tex. R. App. P. 26.3. Cox filed a notice of appeal on April 4, 2018. We conclude that notice of appeal was filed too late to perfect an appeal. Accordingly, the appeal is dismissed for lack of jurisdiction. *See* Tex. R. App. P. 42.3(a), 43.2(f).

APPEAL DISMISSED.

_____
CHARLES KREGER
Justice

Submitted on May 16, 2018
Opinion Delivered May 17, 2018

Before McKeithen, C.J., Kreger and Johnson, JJ.