# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

---
## NO. 03-18-00042-CV
---

**Stacey Hammer, Appellant**

**v.**

**Wayne Morgan a/k/a El Campo Real Estate, LP a/k/a**
**The Morgan Children, Inc. a/k/a Preferred Properties, Appellee**

---
### FROM THE DISTRICT COURT OF TRAVIS COUNTY, 419TH JUDICIAL DISTRICT
### NO. D-1-GN-15-000557, HONORABLE JAN SOIFER, JUDGE PRESIDING
---

## M E M O R A N D U M   O P I N I O N

Appellant Stacey Hammer seeks to appeal a judgment nunc pro tunc signed on December 6, 2017. The judgment nunc pro tunc attempts to correct a purported error in a summary-judgment order signed by the trial court on August 18, 2015. Because the trial court's attempt to correct the summary-judgment order is void, we will reverse the ruling of the trial court and vacate the judgment nunc pro tunc.

## BACKGROUND

This Court previously considered two separate appeals filed by Hammer in the same underlying trial court cause that is the subject of the current appeal. *See generally Hammer v. University Fed. Credit Union*, Nos. 03-16-00262-CV, 03-16-00264-CV, 2017 WL 1228871 (Tex. App.—Austin Mar. 30, 2017, no pet.) (mem. op.). In the underlying case, Hammer sued University

Federal Credit Union (UFCU), Venessa Zapata Peters (an employee of UFCU), and Kerry Haliburton (an attorney for UFCU) (collectively, "the UFCU Defendants") along with El Campo Real Estate, L.P., "whose general partner or owner is Wayne Morgan a/k/a The Morgan Children Incorporated and Preferred Properties" for various claims arising from a foreclosure on real property. *Id.* at *1. In one notice of appeal, Hammer sought to appeal a "final order" that granted the UFCU Defendants' motion for summary judgment and was signed on August 18, 2015. In a separate notice of appeal, Hammer sought to appeal a "final judgment" that granted sanctions to Wayne Morgan a/k/a Preferred Properties a/k/a the Morgan Children, Inc. ("Morgan"), signed on January 12, 2016, in the same trial court cause. *Id.*

The UFCU Defendants filed a motion to dismiss Hammer's appeal of the August 18, 2015 summary judgment granted in their favor. *Id.* The UFCU Defendants asserted that the August 18 summary-judgment order operated as a final judgment in the case and that Hammer's notice of appeal, filed more than six months later, was untimely as a result. *Id.*; *see* Tex. R. App. P. 26.1 (time to perfect appeal). Recognizing that Hammer's deadline to file her notice of appeal began to run from the trial court's signing of a final judgment and that there could be only one final judgment in the underlying case, we determined that resolution of the UFCU Defendants' motion to dismiss required us to decide which, if either, of the two judgments—both on their face purporting to be "final" and signed in the same cause number—operated as the final judgment in what was, in effect, one appeal. *Hammer*, 2017 WL 1228871, at *2 (citing Tex. R. Civ. P. 301 (there can be only one final judgment in a case); *see Webb v. Jorns*, 488 S.W.2d 407, 409 (Tex. 1972) (recognizing that interlocutory order becomes final for appeal when it merges into final judgment disposing of whole case)).

2

Because there had not been a conventional trial on the merits, we applied the framework provided by the Texas Supreme Court in *Lehmann v. Har-Con Corp.*, 39 S.W.3d 191, 195 (Tex. 2001), to determine whether and when a final judgment had been signed. *Hammer*, 2017 WL 1228871, at *2. Under *Lehmann*, "an order or judgment is not final for purposes of appeal [(1)] unless it disposes of every pending claim and party or [(2)] unless it clearly and unequivocally states that it finally disposes of all claims and all parties." 39 S.W.3d at 205. Based on the language of the August 18, 2015 summary-judgment order and the record before us, we concluded that the summary-judgment order operated as a final judgment in the case. That is, we determined that the language of the August 18 summary-judgment order indicated that the trial court intended to dispose of the entire case by dismissing all claims made by Hammer in the suit, effectively providing that she take nothing on her claims.[1] *Hammer*, 2017 WL 1228871, at *2.

In addition, based on our review of the record in the case, we determined that (1) Morgan had not been named as a defendant independent from his status as the general partner of defendant El Campo Real Estate and (2) to the extent Hammer sought a judgment against Morgan as a consequence of his status as the general partner of El Campo Real Estate, any vicarious claim against Morgan was necessarily disposed of when El Campo Real Estate obtained a summary judgment in its favor that was severed from the case. *Id.* at *3. As a result, we concluded the August 18 summary-judgment order actually disposed of every pending claim and party in the litigation. *Id.*

After determining that the August 18 summary-judgment order operated as a final judgment under *Lehmann*, we examined whether the January 12, 2016 sanctions judgment operated

---

[1] Specifically, the summary-judgment order states that "because all claims for relief by Plaintiff have been denied, this order shall be entered as a final judgment in this action."

as a modified judgment, which under Rule 329b of the Texas Rules of Civil Procedure would have restarted Hammer's deadline to file her notice of appeal and consequently, would have made her notice of appeal timely. *Id.* at \*4 n.4; *see* Tex. R. Civ. P. 329b(h) ("If a judgment is modified, corrected or reformed in any respect, the time for an appeal shall run from the time the modified, corrected or reformed judgment is signed."). We concluded that the January 12 sanctions judgment could not operate as a modified judgment because the judgment was not signed until after the trial court's plenary jurisdiction had expired on December 2, 2015, and as a result, the January 12 sanctions judgment was void.[2] *Hammer*, 2017 WL 1228871, at \*4 n.4. Consequently, Hammer's deadline to file her notice of appeal began to run on August 18, 2015, the date the summary-judgment order was signed, and not on January 12, 2016. *See* Tex. R. App. P. 26.1 (notice of appeal calculated from date judgment is signed). Hammer's notice of appeal, whether viewed as an ordinary appeal or as a restricted appeal, was not timely filed. *Hammer*, 2017 WL 1228871, at \*4; *see* Tex. R. App. P. 26.1 (a), (c).

On March 30, 2017, the Court issued its opinion, granting UFCU's motion and dismissing for want of jurisdiction Hammer's appeal of the August 18 summary-judgment order and her appeal of the January 12 sanctions judgment. *Hammer*, 2017 WL 1228871, at \*4; *see* Tex. R. App. P. 42.3(a). Morgan filed a motion for rehearing and later a supplemental motion for rehearing, arguing, in part, that the Court erred in concluding that the August 18 summary-judgment order

---

[2] If we had determined that Hammer's appellate deadline began to run from January 12, 2016, then Hammer's notice of appeal would have been timely as a restricted appeal. *See* Tex. R. App. P. 26.1(c). Thus, contrary to Morgan's assertion in his brief, our determination that the January 12 judgment was void and did not operate as a modified judgment was central to the jurisdictional holding.

4

operated as a final judgment because, according to Morgan, he was a party in the proceedings with a pending counterclaim for attorney's fees against Hammer at the time the trial court signed the order. Considering these arguments, on September 8, 2017, we denied Morgan's motion for rehearing and his supplemental motion for rehearing.

On November 6, 2017, Morgan filed a motion for judgment nunc pro tunc in the trial court. In his motion, Morgan argued that the August 18 summary-judgment order contained a clerical error because "it incorrectly denoted that it denied all claims for relief by Plaintiff and was a final judgment." In addition, Morgan again argued that the August 18 summary-judgment order should not have been considered final because the judgment did not dispose of his pending claim for attorney's fees. Morgan's motion for judgment nunc pro tunc made no mention of this Court's March 30, 2017 opinion. Nevertheless, Morgan requested that the trial court "correct the August 18, 2015 order to reflect that it only disposes of claims for relief by Plaintiff against the UFCU Defendants and therefore was not a final judgment in this case because . . . the January 12, 2016 Final Judgment is the final judgment in this case."

Following a hearing on the motion for judgment nunc pro tunc, the trial court granted the motion and found that the "judgment entered by Judge Crump on January 12, 2016, is the final order of the trial court." The trial court also found that inclusion of the phrase "'[b]ecause all claims for relief by Plaintiff have been denied, this order shall be entered as a final judgment in this action' [in the August 18 summary-judgment order] was a clerical error." This appeal followed.

## ANALYSIS

In one issue on appeal, Hammer asserts that the trial court's judgment nunc pro tunc is improper.

A court can correct a clerical error in a judgment at any time, even after it loses plenary power over the judgment, by judgment nunc pro tunc. *See Texas Dep't of Transp. v. A.P.I. Pipe & Supply, LLC*, 397 S.W.3d 162, 167 (Tex. 2013); *see also* Tex. R. Civ. P. 329b(d), (f). But it must correct judicial errors before expiration of the trial court's plenary jurisdiction. *In re Elizondo*, 544 S.W.3d 824, 829 (Tex. 2018) (per curiam). Errors made in entering a judgment are clerical; errors made in rendition of a judgment are judicial. *Id.* (citing *In re Daredia*, 317 S.W.3d 247, 249 (Tex. 2010) (orig. proceeding) (per curiam)). Because the inclusion of a finality phrase is considered part of the judgment rendered, a correction to finality language in a judgment is a judicial correction. *Id.*; *see In re Daredia*, 317 S.W.3d at 249 (rejecting argument that dismissal of claim in judgment was clerical error that could be corrected by judgment nunc pro tunc). In this case, the judgment nunc pro tunc attempts to eliminate finality language in the August 18 summary-judgment order, despite the fact that the trial court's plenary jurisdiction over the judgment had long expired. As a result, the judgment nunc pro tunc is void. *See In re Elizondo*, 544 S.W.3d at 829.

In response to Hammer's appeal, Morgan does not dispute that the judgment nunc pro tunc attempts to correct a judicial error or that the trial court signed the judgment nunc pro tunc after its plenary jurisdiction had expired. Instead, Morgan asserts that the trial court properly signed the judgment nunc pro tunc because, under the *Lehmann* framework, the August 18 summary-judgment order does not operate as a final judgment in the case. Specifically, Morgan asserts that

6

the summary judgment is not a final judgment because (1) "[t]he language of the UFCU Summary Judgment Order does not contain the magic language of *Lehmann* and *Elizondo*," and (2) Morgan was "independently sued, independently appeared, and had independent claims that were not resolved by the El Campo Summary Judgment."

We find Morgan's arguments on appeal unpersuasive for at least two reasons. First, Morgan's arguments were considered and rejected by this Court in Hammer's previous appeals, including in considering Morgan's motion for rehearing. Morgan could have sought review of our decision in the Texas Supreme Court, but did not. *See* Tex. R. App. P. 53.1. Second, in the context of the current appeal, Morgan's arguments appear to be made in support of the trial court's finding that the August 18 summary-judgment order "incorrectly denoted that it denied all claims of relief by Plaintiff and was a final judgment." However, the question before us now is not whether this Court properly determined that the August 18 summary-judgment order was a final judgment (i.e., the issue decided in Hammer's previous appeals) or whether the August 18 summary-judgment order contained error by including language indicating that it was intended as a final judgment. Instead, the sole issue before us in this appeal is whether the trial court could correct this type of alleged error—even assuming the finality language was, in fact, included in error—more than two years after the summary-judgment order was signed. Under established precedent, the trial court could not. *See In re Elizondo*, 544 S.W.3d at 829. Therefore, we sustain Hammer's sole issue on appeal.[3]

---

[3] Hammer has also moved for sanctions on the ground that the motion for judgment nunc pro tunc represents a deliberate attempt by Morgan to circumvent this Court's March 30, 2017 opinion and determination that the January 12 judgment awarding sanctions against Hammer is void. This motion remains pending before the Court.

7

## CONCLUSION

Because it is void, we vacate the judgment nunc pro tunc signed on December 6, 2017.

_____

Scott K. Field, Justice

Before Chief Justice Rose, Justices Goodwin and Field

Vacated

Filed:   July 12, 2018