**Opinion issued August 20, 2020**



In The

# Court of Appeals

For The

# First District of Texas

————————————

## NO. 01-20-00123-CV

————————————

## IN RE JON ANDERSON, ROBERT BOSZKO, PAULA WILLUWEIT, AND ANDERSON AND ASSOCIATES P.C., Relators

---

### Original Proceeding on Petition for Writ of Mandamus

---

### MEMORANDUM OPINION

Jon Anderson, Robert Boszko, Paula Willuweit, and Anderson and Associates P.C. (collectively, the "Relators") have filed a petition for writ of mandamus asserting that (1) the trial court's plenary power in the underlying case expired thirty days after issuing a final judgment on December 11, 2018 and (2) orders and proceedings conducted after the expiration of plenary power are void. Relators

request that our Court compel the trial court to close the underlying case and to conduct no further proceedings in the case.[1] We conditionally grant the petition.

## Background

On June 19, 2018, Michael Berry ("Berry"), acting pro se, filed the underlying suit against his ex-wife Michelle Berry ("Michelle"), Bethany Gerlach Arnold and the Law Office of Bethany G. Arnold (collectively, "Arnold"), and Relators. On October 18, 2018, Arnold filed a motion to dismiss under the Texas Citizens Participation Act. *See* TEX. CIV. PRAC. & REM. CODE § 27.003. On October 25, 2018, Relators filed a motion to dismiss under Rule 91a of the Texas Rules of Civil Procedure. *See* TEX. R. CIV. P. 91a (entitled "Dismissal of Baseless Causes of Action").

The trial court granted Arnold's motion to dismiss on November 8, 2018, finding that "the legal action was brought to deter or prevent the Defendants from exercising their constitutional rights and was brought for an improper purpose, including to harass, cause unnecessary delay, or increase the cost of litigation." The order contains finality language stating that "This order is intended to and does

---

[1] The underlying case is *Michael R. Berry v. Michele S. Berry, Bethany Gerlach Arnold, Jon Anderson, Robert Boszko, Paula Willuweit, Anderson and Associates P.C., and Other Unknown Defendants*, cause number 2018-40901, pending in the 270th District Court of Harris County, Texas, the Honorable Dedra Davis presiding.

dispose of all parties and all issues and is final and appealable." On November 30, 2018, Berry filed a motion to vacate the order granting Arnold's motion to dismiss.

On December 11, 2018, the trial court signed an order granting Relators' Rule 91a motion to dismiss all of Berry's claims against them in the suit.[2] Although the dismissal order did not address Berry's pending claims against Michelle, the order concluded with the following finality statement: "This is a final and appealable judgment which disposes of all parties and claims in this lawsuit." Berry did not file any post-judgment motions or an appeal regarding the dismissal order.

Because the trial court's docket continued to reflect that the case was active, Relators filed letters with the trial court on March 29 and April 1, 2019, requesting that the court "cancel all settings" and designate the case as "closed." Relators asserted that the December 11, 2018 dismissal order was a final judgment, no post-judgment motions were filed extending the court's plenary power, and the trial court lost plenary power to act in the case thirty days after the judgment was signed.

---

[2] To the extent that the November 8, 2018 order granting Arnold's motion to dismiss was a final judgment, Berry's timely motion to vacate the order extended the trial court's plenary power, thereby allowing the trial court to consider and rule on Relators' Rule 91a Motion to Dismiss. *See* TEX. R. CIV. P. 329b(a).

On December 13, 2019, Berry filed a motion for default judgment against Michelle.[3] Relators filed additional letters on January 20 and February 4, 2020 further arguing that the dismissal order was final and the court lost plenary power to act in the case. Berry filed letters responding that the dismissal order was not final because it only pertained to his claims against Relators and did not address his claims against Michelle.

On February 7, 2020, the trial court signed an order holding that the underlying case is active and that the court has plenary power over the matter. In its order, the trial court concluded that, despite the dismissal order's finality language, the order is not a final judgment because Michelle remains an active defendant in the lawsuit. The order reads as follows:

> Before the court today, February 05, 2020, was a status conference to determine whether or not Michael Berry's claims against all defendants had been disposed, and whether or not the court still has power over this case. After reviewing the case file the following was determined, the original petition names several defendants: Michele Berry; Bethany G Arnold; Law Office of Bethany G. Arnold; Jonathon G. Anderson; Anderson and Associates P.C.; Robert Willuweit and other unknown defendants. On 11/08/2019, Bethany G. Arnold and the Law office of Bethany G. Arnold where dismissed under the TCPA Act. Defendants Rule 91A motion on behalf of Jon Anderson, Robert Boszko, Paula Willuweit, and Anderson and Associates P.C. was granted on 12/06/2019. Although this order says this is a final and appealable judgment it leaves one remaining active defendant Michele Berry.

---

[3] Although Relators assert in their mandamus petition that the issue of the trial court's plenary power was discussed at hearing on the motion for default judgment held on January 14, 2020, a copy of the hearing transcript has not been included in the mandamus record.

4

> The court finds that this case is active, and that the court still has power over this matter

This mandamus petition followed. Berry filed a response to the petition (1) asserting that the trial court has plenary power because the dismissal order's finality language did not render the order a final judgment when other claims remained pending and (2) requesting sanctions against Relators under Texas Rule of Appellate Procedure 52.11 for filing the petition.

## Standard of Review

Mandamus generally issues to correct a clear abuse of discretion or the violation of a duty imposed by law when there is no other adequate remedy at law. *In re Prudential Ins. Co.*, 148 S.W.3d 124, 135–36 (Tex. 2004) (orig. proceeding). Mandamus is also proper, however, if a trial court issues an order beyond its jurisdiction because such an order is void. *In re Sw. Bell Tel. Co.*, 35 S.W.3d 602, 605 (Tex. 2000) (orig. proceeding). Thus, mandamus is appropriate when a trial court issues an order after its plenary power has expired. *In re Daredia*, 317 S.W.3d 247, 250 (Tex. 2010) (orig. proceeding) (per curiam); *In re Brookshire Grocery Co.*, 250 S.W.3d 66, 68–69 (Tex. 2008) (orig. proceeding). When an order is void, relators need not show absence of an adequate appellate remedy to obtain mandamus relief. *In re Sw. Bell Tel. Co.*, 35 S.W.3d at 605.

**Analysis**

Relators assert that they are entitled to mandamus relief because (1) the December 11, 2019 dismissal order is a final judgment; and (2) the trial court's plenary power expired thirty days after the order was signed and thus any action taken after that time, including the trial court's February 7, 2020 order holding that the case is still active, is void. We agree.

**The December 11, 2018 Dismissal Order is a Final Judgment**

"[W]hen there has not been a conventional trial on the merits, an order or judgment is not final for purposes of appeal unless it actually disposes of every pending claim and party *or* unless it clearly and unequivocally states that it finally disposes of all claims and all parties." *Lehmann v. Har-Con Corp.*, 39 S.W.3d 191, 205 (Tex. 2001) (emphasis added); *see also In re Elizondo*, 544 S.W.3d 824, 827–28 (Tex. 2018) (orig. proceeding) (quoting same). Thus, the Texas Supreme Court announced two tests to determine the finality of orders issued before the conclusion of a trial. *Lehmann*, 39 S.W.3d at 200–06. First, an order can be final if it includes a clean and unequivocal finality phrase, such as, "This judgment finally disposes of all parties and claims and is appealable." *Id*. at 206. Second, an order can be final if its effect is to dispose of all claims and parties before the trial court. *Id*. at 205.

The December 11, 2018 dismissal order satisfies the first test for finality because it includes finality language stating, "This is a final and appealable judgment

6

which disposes of all parties and claims in this lawsuit." Similar language has been found to be a clear and unequivocal statement of finality. *See Lehmann*, 39 S.W.3d at 206 ("A statement like, 'This judgment finally disposes of all parties and all claims and is appealable,' would leave no doubt about the court's intention."); *see In re Elizondo*, 544 S.W.3d at 828-29 (holding that order's finality phrase—"This judgment is final, disposes of all claims and all parties, and is appealable"—was clear and unambiguous, rendering order final for purposes of appeal); *In re Daredia*, 317 S.W.3d at 248–49 (holding that following language was "clear enough" to indicate finality: "All relief not expressly granted herein is denied. This judgment disposes of all parties and all claims in this cause of action and is therefore FINAL.").

Despite the dismissal order's clear and unequivocal finality language, the trial court concluded that the order was not final because claims remained pending against Michelle. As discussed below, the trial court's conclusion is contrary to controlling authority.

In *Lehmann*, the Supreme Court of Texas explained that "if the language of the order is clear and unequivocal, it must be given effect despite any other indications that one or more parties did not intend for the judgment to be final." *Lehmann*, 39 S.W.3d at 206. "[T]he language of an order or judgment can make it final, even though it should have been interlocutory, if that language expressly disposes of all claims and all parties." *Id.* at 200. If the order contains clear and

7

unequivocal finality language, as it does in this case, then an appellate court may not look to the record in determining whether the judgment was final and appealable. *See In re Elizondo*, 544 S.W.3d at 827–28; *see also Lehmann*, 39 S.W.3d at 206. "Instead, it must take the order at face value." *In re Elizondo*, 544 S.W.3d at 828. On the other hand, if an order granting a dispositive motion does not clearly and unequivocally dispose of all claims and parties, then an appellate court can review the record to determine whether the order nevertheless actually disposed of them all. *See Elizondo*, 544 S.W.3d. at 826; *Lehmann*, 39 S.W.3d at 205–06.

Although the December 11, 2018 order only referenced dismissal of claims against Relators and does not mention Michelle, *Lehmann* holds that the inclusion of clear and unequivocal finality language renders the judgment final "even though it should have been interlocutory." *Id*. at 200. The Texas Supreme Court's subsequent application of *Lehmann* in *Daredia,* a case similarly involving a judgment that included finality language but did not mention another defendant, is particularly instructive. *See In re Daredia*, 317 S.W.3d 247.

In *Daredia*, American Express sued Daredia and Map Wireless. 317 S.W.3d at 248. Daredia answered the lawsuit, but Map Wireless did not, and American Express moved for default judgment against Map Wireless. *Id*. The trial court signed the default judgment submitted by American Express, which concluded with two sentences stating, "All relief not expressly granted herein is denied. This judgment

8

disposes of all parties and all claims in this cause of action and is therefore FINAL." *Id*. More than fifteen months later, American Express moved for judgment nunc pro tunc to correct "typographical errors" in the judgment so that the case could proceed against Daredia. *Id*. Daredia responded that the judgment was final and the trial court had lost plenary power thirty days after the judgment was signed. The Supreme Court agreed and granted Daredia's petition for writ of mandamus. *Id*. The Supreme Court explained that the finality language rendered the judgment final and "holding that the failure to mention Daredia creates an ambiguity that makes the judgment interlocutory is contradicted by *Lehmann*." *Id*. at 249. The Supreme Court further explained:

> [T]he lack of any basis for rendering judgment against Daredia did not preclude dismissing him from the case. Even if dismissal was inadvertent, as American Express insists, it was nonetheless unequivocal, and therefore effective. American Express complains that the trial court never made a substantive disposition of its claims against Daredia, but dismissal is not a ruling on the merits. We conclude that the judgment by its clear terms disposed of all claims and parties and was therefore final.

*Id*. Because the dismissal was final, the Supreme Court concluded "that the trial court clearly abused its discretion in setting aside a judgment after its plenary power expired." *Id*. at 250.

For the reasons explained in *Daredia*, the trial court' holding in this case that, despite clear and unequivocal finality language, the December 11, 2018 dismissal order was not final because it failed to mention Michelle similarly conflicts with

9

*Lehmann*. Moreover, the Texas Supreme Court recently addressed the same misapplication of *Lehmann's* finality rule and reiterated its holding that reviewing courts cannot consider the record to determine finality when an order provides a clear and unequivocal statement of finality:

> [Appellant] argues that the court of appeals should not have analyzed the record for evidence of finality after the trial court provided a clear and unequivocal statement that it had intended the appealed-from order to be a final judgment. We agree. We have previously held that a judgment is final either if "it actually disposes of every pending claim and party" or "it clearly and unequivocally states that it finally disposes of all claims and all parties." *Lehmann v. Har-Con Corp.*, 39 S.W.3d 191, 205 (Tex. 2001). The court of appeals mistakenly read *Lehmann* to require record evidence of finality and an unequivocal expression of finality. *Young*, 566 S.W.3d at 833. But this approach "would distill *Lehmann's* joint tests into a simple rule: when there has not been a conventional trial on the merits, a court must look to the record to determine whether the judgment is final. That is not *Lehmann's* rule." *In re Elizondo*, 544 S.W.3d 824, 828 (Tex. 2018) (per curiam). Instead, a clear and unequivocal statement of finality must be "given effect" even if review of the record would undermine finality. *Lehmann*, 39 S.W.3d at 206.

*Bella Palma, LLC v. Young*, No. 19-0204, 2020 WL 1898543, at *2 (Tex. Apr. 17, 2020) (per curiam).

The arguments in Berry's response and motion for sanctions lack merit. First, Berry argues that the dismissal order's inclusion of "boilerplate" finality language cannot render the order final as to all parties because the order only mentions Relators and no other defendants. As discussed above, this argument has been soundly rejected by controlling authority. Second, Berry argues that inclusion of

10

finality language in the December 11, 2018 order dismissing Relators cannot render the order final because similar language appeared in the November 8, 2018 order dismissing Arnold, and the trial court continued to act after that order was signed. But Berry filed a motion to vacate the November 8, 2018 order, extending the trial court's plenary power beyond thirty days from its signing. No similar motion was filed extending plenary power after the December 18, 2018 dismissal order. Finally, Berry asserts that "[t]he Realtors don't have standing in this matter if the Rule 91a Motion to Dismiss is in fact valid and not flawed." Although Relators were dismissed from the underlying case, they have standing to challenge the trial court's order allowing the case to proceed against Michelle because the order directly undermines the finality of Relators' dismissal. If the December 11, 2018 order is a final judgment, as Relators assert it is, then it is no longer assailable because Berry never appealed. Conversely, if the December 11, 2018 order is interlocutory, as Berry asserts and the trial court held, then Berry may still appeal the dismissal after a final judgment is entered.

Consistent with *Lehmann* and its progeny, we conclude that (1) the December 11, 2019 dismissal order's clear and unequivocal finality language rendered the order final; and (2) the trial court erred in holding that the order was not final due to the order not addressing claims pending against Michelle.

11

**The Trial Court's Plenary Power Expired**

Because the dismissal order was final and Berry did not file any post-judgment motions extending plenary power, the trial court's plenary power expired thirty days after the order was signed on December 11, 2018. *See* TEX. R. CIV. P. 329b(d) ("The trial court, regardless of whether an appeal has been perfected, has plenary power to grant a new trial or to vacate, modify, correct, or reform the judgment within thirty days after the judgment is signed."). We therefore conclude that the trial court lacks plenary power to act in the underlying case. *See also In re Elizondo*, 544 S.W.3d at 829 (holding trial court "must correct judicial errors within thirty days of judgment or not at all"); *In re Daredia*, 317 S.W.3d at 248 (concluding once judgment is final and court loses plenary power, court has no authority to act in the lawsuit); *Jefferson v. Pirtle*, 14-17-00817-CV, 2018 WL 6494244, at \*1 (Tex. App.—Houston [14th Dist.] 2018, no pet.) (mem. op.) ("The parties did not file a post-trial motion that had the effect of extending appellate deadlines. Thus, the trial court lost plenary power on June 8, 2016, thirty days after signing the final judgment.").

The trial court's February 7, 2020 order holding that the case is active and allowing Berry's suit to proceed against Michelle is void for having been issued after plenary power expired. Because the trial court's order is void, Relators need not demonstrate that they lack an adequate remedy by appeal to be entitled to mandamus

12

relief. *See In re Sw. Bell Tel. Co.*, 35 S.W.3d at 605; *see also In re Elizondo*, 544 S.W.3d at 829, *In re Daredia*, 317 S.W.3d at 250.

## Conclusion

For the foregoing reasons, we conclude that the trial court abused its discretion in issuing an order continuing the case after plenary power expired. We conditionally grant the writ of mandamus and direct the trial court to (1) vacate its February 7, 2020 order and, if necessary, vacate any other order rendered after expiration of its plenary power; (2) take no further action in the underlying case; and (3) designate the case as closed. We are confident that the trial court will comply, and our writ will issue only if it does not. Berry's request for sanctions is denied. We dismiss any pending motions as moot.

Gordon Goodman
Justice

Panel consists of Justices Goodman, Hightower, and Countiss.