

# Fourth Court of Appeals
## San Antonio, Texas

## CONCURRING OPINION

No. 04-20-00611-CV

**IN THE INTEREST OF L.J.L. and J.W.L.**, Minor Children

From the 407th Judicial District Court, Bexar County, Texas
Trial Court No. 2016-CI-08129
Honorable Angelica Jimenez, Judge Presiding

Opinion by:    Patricia O. Alvarez, Justice
Concurring Opinion by: Rebeca C. Martinez, Chief Justice

Sitting:    Rebeca C. Martinez, Chief Justice
            Patricia O. Alvarez, Justice
            Liza A. Rodriguez, Justice (concurring in the judgment only)

Delivered and Filed: June 29, 2022

I agree with the majority that "the trial court entered orders that failed to match the rendered judgment." However, I believe the opinion neglects to make the initial determination that the alleged discrepancies are clerical errors rather than judicial errors, to address the issues of waiver and materiality, and to clarify each discrepancy and modification in the opinion for the benefit of the parties. Therefore, I concur in the judgment.

Appellant asserts that the trial court's written orders from November 20, 2020 do not conform to the agreement made by the parties on October 28, 2020, and that the orders must be void as a result. Appellee responds that the differences between the orally rendered agreement and the signed orders were either waived, are immaterial, or are clerical errors.

Ultimately, I agree with the majority that a review of the record reflects that the signed order did not accurately reflect the trial court's rendition of judgment consistent with the parties' agreement entered verbally in open court, and that we may correct only a clerical variance between a judgment announced in open court and the order or judgment eventually signed by the trial court. As a reviewing court, we must first make an initial determination that an alleged discrepancy is clerical, and not judicial error. *See In re Daredia*, 317 S.W.3d 247, 249 (Tex. 2010) (per curium); *see also Texas Dept. of Transp. v. A.P.I. Pipe and Supply, LLC*, 397 S.W.3d 162, 167 (Tex. 2013); *In the Interest of A.M.*, No. 04-16-00335-CV, 2017 WL 1337648, at *5 (Tex. App.—San Antonio 2017, no pet.) (mem. op.); *In the Interest of R.H.B.*, No. 04-21-00038-CV, 2022 WL 946640, at *7 (Tex. App.—San Antonio Mar. 30, 2022, no pet. h.) (affirming as modified by comparing exchanges in the record with the modification order and determining the discrepancies raised by appellant were clerical errors). The opinion neglects to perform the initial exercise to determine, after clarification of the alleged discrepancy as reflected in the record, that such error amounted to clerical error.

Assuming without deciding that an alleged discrepancy was clerical error, I believe the parties would benefit from an opinion that could add further guidance to the parties and trial court in support of the modified judgment. At this time, I concur in the judgment only.

Rebeca C. Martinez, Chief Justice